UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X

UNITED STATES OF AMERICA,

        - against -                                         19 Cr. 472 (PAC)

SALVATORE TAGLIAFERRO, et al,

        Defendant.

------------------------------------------------------X

# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT SALVATORE TAGLIAFERRO'S OMNIBUS MOTIONS

RICHARD H. ROSENBERG, ESQ.
217 Broadway, Suite 707
New York, NY 10007
(212) 586-3838

MICHAEL K. BACHRACH, ESQ.
224 West 30th Street, Suite 302
New York, New York 10001
(212) 929-0592

*Attorneys for Salvatore Tagliaferro*

**Table of Contents**

Table of Authorities ................................................................................................................ iii

Preliminary Statement..............................................................................................................1

Motions ....................................................................................................................................2

    Point I

    MOTION TO SEVER THE TRIALS OF SALVATORE TAGLIAFERRO AND JOHN DEFALCO TO AVOID PREJUDICIAL SPILLOVER BEING CAUSED TO TAGLIAFERRO THROUGH THE ADMISSION OF EVIDENCE OF DEFALCO'S ATTEMPTS TO HINDER THE PROSECUTION OF THIS CASE. IN THE ALTERNATIVE, AND AT A MINIMUM, COUNTS 4 AND 5 SHOULD BE SEVERED FROM A JOINT TRIAL OF BOTH DEFENDANTS FOR THOSE SAME REASONS. ..................................................................................................2

    Point II

    MOTION FOR AN OFFER OF PROOF OR INFORMATIVE OUTLINE EXPLAINING HOW THE GOVERNMENT INTENDS TO INDEPENDENTLY CORROBORATE TAGLIAFERRO'S PARTICIPATION IN THE CHARGED CONSPIRACY WITHOUT RELIANCE ON CO-CONSPIRATOR STATEMENTS.............................................................................................................5

    Point III

    MOTION FOR DISCLOSURE OF RULE 806 MATERIAL ...........................................7

    Point IV

    MOTION FOR DISCLOSURE OF RULE 807 MATERIAL ...........................................8

    Point V

    MOTION FOR DISCLOSURE OF RULE 608 AND RULE 609 MATERIAL.................9

    Point VI

    MOTION FOR DISCLOSURE OF CHARTS, GRAPHS, DIAGRAMS, AND SUMMARIES................................................................................................................10

Point VII

MOTION TO DIRECT THE GOVERNMENT TO RETAIN ROUGH NOTES AND WRITINGS ..................................................................................................10

Point VIII

MOTION FOR IMMEDIATE DISCLOSURE OF BRADY MATERIAL ......................12

Point IX

MOTION FOR PERMISSION TO JOIN IN RELEVANT MOTIONS SUBMITTED BY CO-DEFENDANT ................................................................................13

Point X

MOTION FOR LEAVE TO SUBMIT FURTHER MOTIONS .......................................13

Conclusion ................................................................................................................................13

# Table of Authorities

CASES

Brady v. Maryland, 373 U.S. 83 (1963) ...................................................................11, 12

Brooks v. Tennessee, 406 U.S. 605, 618 (1972)................................................................7

Bourjaily v. United States, 483 U.S. 171, 175 (1987) ...............................................5, 6, 7

Giglio v. United States, 405 U.S. 15 (1972)....................................................................12

Kyles v. Whitley, 514 U.S. 419 (1995)..............................................................................12

United States v. Ammar, 714 F.2d 238, 246 n.3 (3d Cir. 1983)...................................7, 11

United States v. Anzalone, 555 F.2d 317, 321 (2d Cir.1977)...........................................11

United States v. Daly, 842 F.2d 1380, 1386 [2d Cir. 1988])..............................................6

United States v. Clark, 18 F.3d 1337, 1341-42 (6th Cir. 1994).........................................6

United States v. Continental Group, Inc., 603 F.2d 444, 457 (3d Cir. 1979) ....................6

United States v. DiTommaso, 817 F.2d 201, 211 (2d Cir. 1987) .......................................3

United States v. Figueroa, 618 F.2d 934, 946 (2d Cir. 1980)............................................4

United States v. Gallo, 668 F.Supp. 736, 753 (EDNY 1987) ............................................4

United States v. Gigante, 166 F.3d 75, 82 (2d Cir. 1999) .............................................5, 7

United States v. Jones, 16 F.3d 487, 493 (2d Cir. 1994) ...................................................4

United States v. Koskerides, 877 F.2d 1129, 1133 (2d Cir.1989) ....................................11

United States v. Mahaffy, 693 F.3d 113 (2d Cir. 2012) ...................................................12

United States v. McDermott, 245 F.3d 133, 139-40 (2d Cir. 2001) ..................................4

United States v. Mickens, 926 F.2d 1323, 1328-29 (2d Cir. 1991)....................................3

United States v. Praetorius, 462 F.Supp. 924, 928 (EDNY 1978).....................................4

United States v. Reyes, 18 F.3d 65 (2d Cir. 1994) .............................................................4

United States v. Sanchez, 635 F.2d 47, 66 n. 20 (2d Cir. 1980)........................................11

United States v. Snipe, 441 F.2d 119, 129-30 (2d Cir. 2006)..............................................3

United States v. Tellier, 83 F.3d 578, 580 (2d Cir. 1996) ...........................................5, 6, 7

United States v. Terrell, 474 F.2d 872, 877 (2d Cir. 1973) ................................................11

United States v. Vella, 562 F.2d 275, 276 (3d Cir. 1977) ..................................................11

United States v. Walker, 922 F.Supp. 732, 744 (N.D.N.Y. 1996).....................................11

STATUTES AND OTHER AUTHORITIES

18 U.S.C. § 2...............................................................................................................1, 12

18 U.S.C. § 371...........................................................................................................1, 12

18 U.S.C. § 1343.........................................................................................................1, 12

18 U.S.C. § 1346.........................................................................................................1, 12

18 U.S.C. § 3500.......................................................................................................11, 12

29 U.S.C. § 501...........................................................................................................1, 12

Fed.R.Crim.P. 14 ................................................................................................................2

Fed.R.Evid. 608 ...........................................................................................................9, 10

Fed.R.Evid. 609 ...........................................................................................................9, 10

Fed.R.Evid. 801 ..................................................................................................................7

Fed.R.Evid. 806 ..............................................................................................................7, 8

Fed.R.Evid. 807 ..............................................................................................................8, 9

Advisory Committee Notes, 2019 Amendments, Fed.R.Evid. 807 ....................................8

**Preliminary Statement**

During the time frame alleged in the Indictment, Defendant Salvatore Tagliaferro was the President of Local Chapter 926 ("Local 926") of the United Brotherhood of Carpenters and Joiners of America ("the union"). Tagliaferro also served as a Council Representative to the New York City District Council of Carpenters and Joiners of America ("the District Council"), a representative body comprised of nine individual local chapters of the Union, of which Local 926 is one. He was also employed by the District Council as a business agent charged with recruiting businesses to accept union employees for their construction projects. His co-defendant, John Defalco, was Vice President of Local Chapter 157 ("Local 157") of the same union. Together they are charged in a five-count Indictment, dated, June 25, 2019.

Tagliagerro is charged in three counts of the Indictment: Conspiracy in violation of 18 U.S.C. § 371 (Count 1); Conversion of Union Assets in violation of 29 U.S.C. § 501(c) and 18 U.S.C. § 2 (Count 2); and Honest Services Wire Fraud in violation of 18 U.S.C. §§ 1343, 1346, and 2 (Count 3). Tagliaferro is not charged in Count 4 (Witness Tampering) or Count 5 (Obstruction of Justice), which are charged solely against his co-defendant, John Defalco. Defalco is also charged in Counts 1, 2, and 3.

The central claim underlying the Government's case is that Defalco accepted bribes, shared with Tagliaferro, from individuals to gain admittance to Local 926. This scheme is alleged to have benefitted them both financially. Defalco is also charged with attempting to hinder the investigation of this case; again, Tagliaferro is not charged with participating in those additional allegations.

Both defendants have pleaded not guilty to all charges.

1

**Motions**

**Point I**

**MOTION TO SEVER THE TRIALS OF SALVATORE TAGLIAFERRO AND JOHN DEFALCO TO AVOID PREJUDICIAL SPILLOVER BEING CAUSED TO TAGLIAFERRO THROUGH THE ADMISSION OF EVIDENCE OF DEFALCO'S ATTEMPTS TO HINDER THE PROSECUTION OF THIS CASE. IN THE ALTERNATIVE, AND AT A MINIMUM, COUNTS 4 AND 5 SHOULD BE SEVERED FROM A JOINT TRIAL OF BOTH DEFENDANTS FOR THOSE SAME REASONS.**

The trial of Salvatore Tagliaferro should be severed from that of John Defalco, pursuant to Fed.R.Crim.P. 14(a), to avoid prejudicial spillover to Tagliaferro that will inevitably result from a joint trial in which the evidence of witness tampering and obstruction of justice will be alleged against Delfaco but not Tagliaferro.

Fed.R.Crim.P. 14(a) provides:

> If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

The bulk of the evidence in this case will consist of Defalco's statements to confidential informants, cooperating witnesses, and victims. As discussed in Point II, infra, absent Defalco's statements and actions the Government's case against Tagliaferro is woefully insufficient to convict or even to have advanced an indictment in the first place. While we do not dispute that the Government is permitted to put on a case against one defendant that rests primarily upon the statements and actions of another, severance would serve the salutary purpose of protecting Tagliaferro from the prejudice that will likely result from a joint trial in which the Government ***will also introduce*** evidence of Defalco's consciousness of guilt shown through allegations of

2

witness tampering and obstruction of justice, counts of the indictment to which Tagliaferro is not alleged to have been involved.

Indeed, while evidence of Defalco's efforts to witness tamper and obstruct justice (Counts 4 and 5) may be admissible against Defalco to establish Defalco's consciousness of guilt as to the bribery scheme charged in Counts 1, 2, and 3, see, e.g., United States v. Mickens, 926 F.2d 1323, 1328-29 (2d Cir. 1991) (holding that evidence of an attempt to tamper with a witness is admissible as consciousness of guilt related to the conduct to which the witness was testifying), since Tagliaferro is not alleged to have been involved in Defalco's efforts to witness tamper or obstruct justice those allegations are not admissible for any purpose against Tagliaferro, and will only serve to prejudice Tagliaferro in a joint trial involving Counts 4 and 5.

As charged in the Indictment, "DEFALCO pressured CC-1 and CC-3 to make false statements to law enforcement officers and in testimony before a grand jury," Indictment, Count 4, and "instructed CC-3 to delete text messages between DEFALCO and CC-3 that were responsive to a grand jury subpoena served on CC-3…" Indictment, Count 5. There is no suggestion, however, that Tagliaferro was involved, or even aware of, Defalco's efforts to tamper with witnesses or obstruct justice, and as such Tagliaferro will be tarred by Defalco's conduct if introduced at a joint trial.

The law presumes that jurors will follow instructions given under Fed.R.Evid. 105 to limit consideration of certain evidence. See United States v. Snipe, 441 F.2d 119, 129-30 (2d Cir. 2006). This presumption, however, has many common-sense exceptions, some of which apply to specific types of evidence and others of which have more generic application. As the Second Circuit has explained:

> We have noted that proper jury instructions can diminish the likelihood of prejudice, see United States v. DiTommaso, 817 F.2d

3

>  201, 211 (2d Cir. 1987), and that jurors are usually presumed to adhere to limiting instructions. See United States v. Jones, 16 F.3d 487, 493 (2d Cir. 1994). However, we have also repeatedly stated that this presumption fades when there is an overwhelming probability that the jury will be called upon to perform humanly impossible feats of mental dexterity. See id.; United States v. Figueroa, 618 F.2d 934, 946 (2d Cir. 1980).

United States v. McDermott, 245 F.3d 133, 139-40 (2d Cir. 2001).

Courts in this Circuit have recognized several contexts in which this presumption is rebutted. See United States v. Jones, supra, 16 F.3d 487 (2d Cir. 1994) (presumption that a jury will adhere to a limiting instruction evaporates where there is an overwhelming probability that the jury will be unable to follow the court's instructions, here, to ignore evidence that defendant was a previously convicted felon); United States v. Reyes, 18 F.3d 65 (2d Cir. 1994) (assumption that juries will follow limiting and curative instructions not applicable given potency of agent's declarations regarding her conversations with others implicating defendant); United States v. Figueroa, supra, 618 F.2d 934, 946 (2d Cir. 1980) ("limiting instructions cannot be regarded as a guaranty against prejudice"); United States v. Gallo, 668 F.Supp. 736, 753 (EDNY 1987) (" 'To expect a jury to perform the intellectual feat in a joint trial of using such proof against [some] defendants but not against [others] is to ask too much of lay (and perhaps of judicial) minds.' "), quoting, United States v. Praetorius, 462 F.Supp. 924, 928 (EDNY 1978).

Here, the charges against Tagliaferro concern his receipt of illicit membership payments or his conspiring to receive such payments. There is no allegation that he engaged in any attempt to tamper or interfere with the Government's investigation of this case or its presentation of evidence to the Grand Jury. Evidence of such conduct, admissible solely against Defalco, evinces a consciousness of guilt and will entirely alter the complexion of the trial and create the very real threat – limiting instructions notwithstanding – that Tagliaferro will be found guilty by association

4

rather than upon the limited evidence properly admissible against him. This concern provides a compelling reason to grant Tagliaferro a severance from Defalco, either in the entirety of the trial or, at a minimum, a severance of Counts 4 and 5.

Accordingly, Salvatore Tagliaferro's trial should be severed from Defalco, or, at a minimum, the Government should be required to proceed in a separate trial against Defalco in relation to Counts 4 and 5.

### Point II

**MOTION FOR AN OFFER OF PROOF OR INFORMATIVE OUTLINE EXPLAINING HOW THE GOVERNMENT INTENDS TO INDEPENDENTLY CORROBORATE TAGLIAFERRO'S PARTICIPATION IN THE CHARGED CONSPIRACY WITHOUT RELIANCE ON CO-CONSPIRATOR STATEMENTS**

A review of the discovery produced thus far makes clear that at trial the Government will be relying upon a heavy dose of co-conspirator statements offered pursuant to Rule 801(d)(2)(E) of the Federal Rules of Evidence. As this Court is aware, a statement is admissible as a co-conspirator statement only if the Court finds two factors by a preponderance of the evidence: "first, that a conspiracy existed that included the defendant and the declarant; and second, that the statement was made during the course of and in furtherance of that conspiracy." United States v. Gigante, 166 F.3d 75, 82 (2d Cir. 1999), citing, inter alia, Bourjaily v. United States, 483 U.S. 171, 175 (1987). "[W]hile the hearsay statement itself may be considered in establishing the existence of the conspiracy," Gigante, 166 F.3d at 82; see Bourjaily, 483 U.S. at 177-78, those "statements are presumptively unreliable," United States v. Tellier, 83 F.3d 578, 580 (2d Cir. 1996), citing, Bourjaily, 483 U.S. at 179, and the Second Circuit requires that "***there must be some independent corroborating evidence of the defendant's participation in the conspiracy***." Gigante, 166 F.3d at

5

82 (emphasis added), quoting, Tellier, 83 F.3d at 580 (in turn citing, inter alia, United States v. Daly, 842 F.2d 1380, 1386 [2d Cir. 1988]).

Here, there does not appear to be any independent corroborating evidence that connects Tagliaferro to the conspiracy, and as such absent such evidence co-conspirator statements will be inadmissible against Tagliaferro irrespective of whether a severance is granted. See Tellier, 83 F.3d at 580, citing, inter alia, United States v. Clark, 18 F.3d 1337, 1341-42 (6th Cir. 1994) ("Since Bourjaily, all circuits addressing the issue have explicitly held absent *some* independent, corroborating evidence of defendant's knowledge of and participation in the conspiracy, the out-of-court statements remain inadmissible.") (emphasis in original). That being the case, before the Government is permitted to introduce such statements here "subject to connection," as is often the practice in this District, the defense respectfully requests that this Court direct the Government to first provide a pretrial offer of proof or informative outline detailing the existence of its "independent corroborating evidence." Absent that, it is entirely unclear that the Government will be able to adequately connect those statements to Tagliaferro prior to the completion of trial as is required by longstanding Second Circuit and Supreme Court precedent.

Moreover, we respectfully submit that requiring the Government to proffer *now* as to how it will independently establish Tagliaferro's participation in the conspiracy is appropriate in order to confirm whether the Government is able to meet its evidentiary burdens with respect to these statements and to ensure that the jury's deliberations are not tainted by wrongfully heard – and later stricken – statements. See, e.g., United States v. Continental Group, Inc., 603 F.2d 444, 457 (3d Cir. 1979) (as a prerequisite to the submission of co-conspirator statements to the jury, the court must first determine whether the Government has "established the existence of the alleged conspiracy and the connection of each defendant with it by a clear preponderance of the evidence

6

independent of the hearsay declarations"); see also United States v. Ammar, 714 F.2d 238, 246 n.3 (3d Cir. 1983) ("preliminary determinations as to the admissibility [of co-conspirator statements] must be made on the basis of independent evidence") (citations omitted).

There can be no dispute that "the control of the order of proof at trial is a matter primarily entrusted to the discretion of the trial court." Brooks v. Tennessee, 406 U.S. 605, 618 (1972). Although the Second Circuit does not require a pretrial hearing as is done in some other Circuits, in light of the complexity of this case and the paucity of evidence disclosed thus far connecting Tagliaferro to the alleged conspiracy, we respectfully submit that a pretrial offer of proof or informative outline would be the most efficient manner to serve the ends of justice in this case and would be consistent with the Second Circuit's holdings in, inter alia, Gigante and Tellier, and the Supreme Court's holding in Bourjaily.

## Point III

## MOTION FOR DISCLOSURE OF RULE 806 MATERIAL

As previously discussed, based upon a review of discovery it appears that the Government's principle evidence against Tagliaferro will be introduced through the testimony of co-conspirator statements pursuant to Fed.R.Evid. 801(d)(2)(E). That being the case, the defense respectfully requests that the Court direct the Government to give immediate notice to the defense of any evidence or statements in its possession or known to the Government that might be admissible pursuant to Rule 806 of the Federal Rules of Evidence.

Rule 806 provides:

> When a hearsay statement--or a statement described in Rule 801(d)(2)(C), (D), or (E)--has been admitted in evidence, the declarant's credibility may be attacked, and then supported, by any evidence that would be admissible for those purposes if the declarant had testified as a witness. The court may admit evidence of the declarant's inconsistent statement or conduct, regardless of when it

> occurred or whether the declarant had an opportunity to explain or deny it. If the party against whom the statement was admitted calls the declarant as a witness, the party may examine the declarant on the statement as if on cross-examination.

Providing disclosure and notice with regard to Rule 806 material well in advance of trial will enable the defense to conduct its own investigation with respect to such information in order to adequately prepare for trial, given the complexity of allegations in this Indictment.

To the extent such evidence has been or will be included in the discovery voluntarily disclosed by the Government, it is respectfully submitted that because of the volume of that discovery the Government should be required to identify specifically which materials contained in that discovery constitute or concern evidence the Government intends to offer at trial pursuant to Rule 806.

## Point IV

## MOTION FOR DISCLOSURE OF RULE 807 MATERIAL

The defense respectfully requests the Court direct the Government to give immediate notice to the defense with respect to any hearsay evidence the Government intends to offer pursuant to the residual exception to the hearsay rule codified in Rule 807 of the Federal Rules of Evidence.

Fed.R.Evid. 807(b) permits the admissibility of statements under the residual exception to the hearsay rule "only if the proponent gives an adverse party reasonable notice of the intent to offer the statement – including its substance and the declarant's name – so that the party has a fair opportunity to meet it." Moreover, "notice must be provided in writing before the trial or hearing – or in any form during the trial or hearing if the court, for good cause, excuses a lack of earlier notice." See also Advisory Committee Notes, 2019 Amendments, Fed.R.Evid. 807 (notwithstanding the addition of a "good faith" exception to the pretrial notice requirement, "The

8

rule retains the requirement that the opponent receive notice in a way that provides a fair opportunity to meet the evidence. When notice is provided during trial after a finding of good cause, the court may need to consider protective measures, such as a continuance, to assure that the opponent is not prejudiced.").

Providing disclosure and notice with regard to Rule 807 material well in advance of trial will enable the defense to conduct its own investigation with respect to such information in order to adequately prepare for trial and will avoid the need for a continuance in the event that the Government delays disclosure until the trial is already underway.

Additionally, to the extent any hearsay evidence the Government intends to offer at trial pursuant to Rule 807 has been or will be included in the discovery voluntarily provided by the Government, it is respectfully submitted that because of the volume of that discovery, the Government should be required to identify specifically which materials contained in that discovery constitute or concern evidence the Government intends to offer at trial pursuant to Rule 807.

**Point V**

**MOTION FOR DISCLOSURE OF RULE 608 AND RULE 609 MATERIAL**

It is further requested that the Government should be ordered to immediately disclose any and all materials, including conduct, opinion and reputation evidence and/or criminal convictions which the Government intends to use at trial for purposes of impeachment pursuant to Federal Rules of Evidence 608 and 609, whether in connection with any testimony by Salvatore Tagliaferro or in the cross-examination of any other witness.

Providing disclosure and notice with regard to Rules 608 and 609 material well in advance of trial will enable the defense to conduct its own investigation with respect to such information in order to adequately prepare for trial, given the complexity of the Indictment.

To the extent such information has been or will be included in the discovery voluntarily disclosed by the Government, it is respectfully submitted that because of the volume of that discovery, the Government should be required to identify specifically which materials contained in that discovery constitute or concern evidence the Government intends to use at trial for purposes of impeachment pursuant to Federal Rules of Evidence 608 and 609.

### Point VI

**MOTION FOR DISCLOSURE OF CHARTS, GRAPHS, DIAGRAMS, AND SUMMARIES**

At present, it is not known whether the Government has prepared any charts, graphs, diagrams or summaries. The complexity of the allegations of the Superseding Indictment, however, suggests that the Government may seek to offer at trial one or more such exhibits that would purport to collect, demonstrate or summarize the Government's allegations or alleged evidence.

It is respectfully requested this Court issue an Order directing the Government to produce any such exhibits to the defense well in advance of trial so that the defense has sufficient time to adequately ensure the accuracy of the material being described and summarized.

### Point VII

**MOTION TO DIRECT THE GOVERNMENT TO RETAIN ROUGH NOTES AND WRITINGS**

Tagliaferro seeks an order requiring all law enforcement officers who had any involvement in investigating the charges in the instant case, prior to and subsequent to the Indictment, to preserve rough notes taken at any time as part of their investigation, whether formal or informal. This request includes not only Federal law enforcement agents but also City, State, and local law

enforcement officers. These notes should be kept whether or not the contents of said notes are incorporated in official records.

Disclosure of the notes come within the purview of Brady v. Maryland, 373 U.S. 83 (1963), and the Jencks Act, 18 U.S.C. § 3500. "The Jencks Act provides that a defendant in a federal criminal trial, after a government witness has testified on direct examination, is entitled to receive for purposes of cross-examination *any* written statement of the witness in the government's possession, including handwritten notes, which relates to the subject matter as to which the witness testified," United States v. Walker, 922 F.Supp. 732, 744 (N.D.N.Y. 1996), citing, 18 U.S.C. § 3500(b); United States v. Koskerides, 877 F.2d 1129, 1133 (2d Cir.1989), "provided however that the notes *had [not] been destroyed in good faith*," Walker, 922 F.Supp. at 744 (emphasis in original), citing, United States v. Anzalone, 555 F.2d 317, 321 (2d Cir.1977), United States v. Sanchez, 635 F.2d 47, 66 n. 20 (2d Cir. 1980), and provided that the there exist no inconsistencies between the rough notes and the summaries of those notes otherwise disclosed, see United States v. Terrell, 474 F.2d 872, 877 (2d Cir. 1973).

Here, assuming that the notes have not yet been destroyed, there is no reason why they could not be retained for purposes of later disclosure if ordered to by this Court.

As the Third Circuit discussed in United States v. Vella, 562 F.2d 275, 276 (3d Cir. 1977), if the Government is unwilling to disclose the rough notes to directly to the defense as 3500 material, the rough notes could nonetheless be retained by the Government and produced *in camera* inspection so that this Court could determine "whether the notes should be made available to the [defendant] under the rule in Brady v. Maryland, [supra,] 373 U.S. 83[, 87] (1963) [requiring disclosure of information "favorable to an accused",] or the Jencks Act." See also Ammar, 714 F.2d at 259 (holding that "the government must retain and, upon motion, make available to the

11

district court both the rough notes and the drafts of reports of its agents to facilitate the district court's determination whether they should be produced" subject to Brady or the Jencks Act).

Accordingly, Tagliaferro respectfully requests that the Government be ordered to retain rough notes and writings of law enforcement officers for disclosure as Brady material or 3500 material, and/or for *in camera* review if requested.

## Point VIII

### MOTION FOR IMMEDIATE DISCLOSURE OF BRADY MATERIAL

Pursuant to the Supreme Court's long-held precedent in Brady v. Maryland, supra, 373 U.S. 83 (1963), Giglio v. United States, 405 U.S. 15 (1972), and Kyles v. Whitley, 514 U.S. 419 (1995), as well as the Second Circuit's precedent in, inter alia, United States v. Mahaffy, 693 F.3d 113 (2d Cir. 2012), Defendant Salvatore Tagliaferro respectfully requests that the Government be directed to disclose any and all information in its possession, custody, or control referring to or reflecting the charges of Conspiracy in violation of 18 U.S.C. § 371 (Count 1); Conversion of Union Assets in violation of 29 U.S.C. § 501(c) and 18 U.S.C. § 2 (Count 2); and Honest Services Wire Fraud in violation of 18 U.S.C. §§ 1343, 1346, and 2 (Count 3). This request includes, but is not limited to, information from any witness that has stated that they did not see or observe Tagliaferro take any money as well as any witness that spoke favorably about Tagliaferro in relation to the allegations of the case.

### Point IX

**MOTION FOR PERMISSION TO JOIN IN RELEVANT MOTIONS SUBMITTED BY CO-DEFENDANT**

To the extent that any motion made on behalf of co-defendant Deflaco is beneficial to Tagliaferro, Defendant Tagliaferro respectfully requests that he be deemed to join in such motion(s).

### Point X

**MOTION FOR LEAVE TO SUBMIT FURTHER MOTIONS**

Counsel has endeavored to bring all motions applicable at this time but request leave to bring any additional motions which may become necessary based upon the Government's response to the present motions or new facts uncovered by the defendant's ongoing investigation into this case.

### Conclusion

WHEREFORE, for all of the reasons discussed above and previously had herein, it is respectfully requested that the Court grant Defendant Salvatore Tagliaferro's motions in their entirety.

Dated: New York, New York
January 31, 2020

Respectfully submitted,

/S/ Michael K. Bachrach
/S/ Richard H. Rosenberg

*Attorneys for Salvatore Tagliaferro*

13