K9GVTAGC

1  UNITED STATES DISTRICT COURT
   SOUTHERN DISTRICT OF NEW YORK
2  ------------------------------x

3  UNITED STATES OF AMERICA,

4            v.                          19 CR 472 (PAC)

5  SALVATORE TAGLIAFERRO,
   JOHN DeFALCO,
6
             Defendants.                 REMOTE TELECONFERENCE
7
   ------------------------------x
8
                                         New York, N.Y.
9                                        September 16, 2020
                                         12:00 p.m.
10

11 Before:

12                     HON. PAUL A. CROTTY,

13                                        District Judge

14
                             APPEARANCES
15

16 AUDREY STRAUSS,
        Acting United States Attorney for the
17      Southern District of New York
   JARROD L. SCHAEFFER
18 THOMAS McKAY
        Assistant United States Attorneys
19
   MICHAEL K. BACHRACH
20 RICHARD H. ROSENBERG
        Attorneys for Defendant Tagliaferro
21
   JEFFREY H. LICHTMAN
22 JEFFREY B. EINHORN
        Attorneys for Defendant DeFalco
23

24

25

K9GVTAGC

1          (Remote teleconference)

2          (Case called)

3          MR. McKAY:  Tom McKay, for the government.

4          I believe my colleague Jarrod Schaeffer is on the line

5    as well.

6          MR. LICHTMAN:  Jeffrey Lichtman -- I'm sorry, Richard.

7    Go ahead.

8          MR. ROSENBERG:  No, go ahead, Jeffrey.

9          MR. LICHTMAN:  Jeffrey Lichtman and Jeffrey Einhorn,

10   for defendant John DeFalco.  Good afternoon, your Honor.

11         MR. EINHORN:  Good afternoon, Judge.

12         THE COURT:  Good afternoon.

13         MR. ROSENBERG:  Good afternoon, your Honor.

14         Richard Rosenberg, and I believe Michael Bachrach as

15   well, for Mr. Tagliaferro, who is on the line.

16         UNIDENTIFIED SPEAKER:  Good morning.

17         UNIDENTIFIED SPEAKER:  Good morning, your Honor.

18         THE COURT:  Hello.

19         We're here because of we now have a date for trial

20   from the assignment committee.  And I want to let the parties

21   know that we're going to proceed to trial on Monday, December

22   the 14th.

23         I've considered Mr. Rosenberg's letter of August 16 --

24   August 18th.  And to the extent that he's having difficulty

25   with subpoenas and interviewing witnesses, he's got 90 days in

1    which to accomplish that.  That's more than adequate under the

2    circumstances.  So I want to advise the parties now, 90 days in

3    advance of the trial, that they are going to trial on this

4    matter on December the 14th.

5         Mr. Rosenberg, I'll entertain whatever you want to

6    say.  Same with you, Mr. Einhorn.

7         MR. ROSENBERG:  Yes.  Well, your Honor, Richard

8    Rosenberg.

9         Your Honor, we do have an objection to that date.  I

10   understand that there is 90 days to go, but the important

11   subpoenas that we have outstanding has not been complied with

12   because the recipient claims that it cannot be because of the

13   COVID situation has presented the staffing of personnel

14   sufficient to gather materials to respond to that subpoena.

15        There are witnesses that we have been stalled and

16   compromised in having in-depth interviews in preparation

17   because of the COVID; that this cannot be done remotely

18   effectively.  And as we -- I've indicated in that letter I

19   submitted on August 18th, there are health concerns for myself

20   that have compromised my ability to appear in person up to this

21   date.  And I continue to have grave reservations about the

22   state of affairs going forward this fall into winter about the

23   COVID and the virus impact and its potential effects on counsel

24   and on jurors and witnesses.

25        And we would propose that a March trial date or an

1  April trial date, when there is hopefully some movement forward

2  on a vaccine and some more clarity about the virus and giving

3  us the time adequate enough to prepare for trial, would be a

4  better alternative and a reasonable alternative and a fair

5  alternative to the December 14th trial date.

6  　　　　Mr. Bachrach, do you want to add anything?

7  　　　　MR. BACHRACH:  If that's okay, your Honor, also on

8  behalf of Mr. Tagliaferro.

9  　　　　Your Honor, we would also have additional objections

10  under the Fifth, Sixth and Eighth Amendments.

11  　　　　Our understanding of how the courtroom is going to be

12  set up for the trial -- again, I do preface this with our

13  understanding; I also understand it's in progress.  But my

14  understanding so far was going to be having, for example,

15  jurors partially seated on one wall, and other jurors partially

16  seated on another wall in the very back of the jury -- of

17  the -- what would generally be the galley for public, where

18  they would be behind defense counsel and a great distance from

19  the witness table.  I think we would object to that.

20  　　　　We would object to witnesses wearing face masks, if

21  that is a consideration.

22  　　　　We also object to jurors wearing face masks during

23  jury selection.  It is very important to be able to examine the

24  demeanor of a potential juror when selecting a jury.  And a

25  face mask would be worn, would impact our ability to do that.

1   We're concerned that we would have additional objections under

2   the right to confrontation and cross-examination, the Eighth

3   Amendment objections potentially, and also we would --

4           THE COURT:  Mr. Bachrach, what about the Eighth

5   Amendment?

6           MR. BACHRACH:  Yes, your Honor.  I can foresee -- and

7   again, I'd rather put these in writing so I can be a little

8   more detailed, but I could foresee objections under the Eighth

9   Amendment and the impact in which COVID could impact a juror's

10  mental health, could impact the juror's -- could impact brain

11  functioning, and the juror's ability and duty to deliberate.

12          I could foresee objections also, your Honor, under the

13  Sixth Amendment, on the impact that COVID -- and the concern

14  over COVID could have on counsel's ability to perform

15  effectively.  Counsel, who have raised significant medical

16  concerns, I could easily foresee how that could impact our

17  ability to be effective.

18          I probably could argue this more effectively in

19  writing if you would give me the opportunity --

20          THE COURT:  I'll give you the opportunity to do that.

21          MR. BACHRACH:  -- to put it all together.

22          Thank you your Honor.

23          So the point is we have a number of concerns, your

24  Honor.  And given that this is -- this is a multi-defendant,

25  nonviolent case, where both defendants are at liberty, our

1  defendant -- and I believe the codefendant as well -- is

2  willing to waive speedy trial.  Both counsel for both

3  defendants are objecting.  It is our position, your Honor, that

4  this just simply isn't the right case to test the Court's

5  ability to hold a safe and speedy trial in the time of

6  COVID-19.  Thank you.

7          THE COURT:  Thank you.

8          Mr. Lichtman, Mr. Einhorn?

9          MR. LICHTMAN:  Judge, this is Jeffrey Lichtman.

10         I would say that I've got nothing to add to that.

11  Some of the arguments I agree with, some of them I don't agree

12  with at much.  But I'll rest on what co-counsel has said.

13         THE COURT:  I'll give you the opportunity,

14  Mr. Bachrach, to make a submission about the difficulties and

15  the inadequacies of going forward.

16         How much time do you want?

17         MR. BACHRACH:  Thank you.

18         THE COURT:  How much time do you want?

19         MR. BACHRACH:  I'm sorry, your Honor.

20         I'm hesitating only, your Honor, because I have an

21  authorized capital case where a judge just asked me to brief

22  something over the next two weeks.  That's my only hesitation.

23  Otherwise, I don't think this will take me that long.

24         Can I say -- can we say two weeks, but if I'm not able

25  to do both at the same time, I can request additional time?

K9GVTAGC

1          THE COURT:  Yes, say two weeks.

2          MR. BACHRACH:  Thank you, your Honor.

3          THE COURT:  Two weeks, David, would be when?

4          MR. BACHRACH:  Two weeks -- I'll get a calendar open,

5     your Honor.

6          THE DEPUTY CLERK:  30th, your Honor.

7          THE COURT:  The 30th.  30th of September.

8          MR. BACHRACH:  Yes.  Thank you.

9          THE COURT:  Now, with regard to compliance of the

10    outstanding summonses and -- subpoenas rather, and interviewing

11    witnesses, to the extent that those are objections, I'm going

12    to overrule the objections.  You haven't moved to -- for

13    enforcement of the subpoenas, and you haven't detailed the

14    witnesses you want to interview.  While you're unable to

15    interview the witnesses, you do have plenty of time, and so I'm

16    going to hold for the present time for the -- to the December

17    14th date.

18          Mr. McKay, Mr. Schaeffer, what does the government

19    say?

20          MR. McKAY:  Judge, Tom McKay, for the government.

21          First of all, we'll be ready to try the case on

22    December 14th, if the Court would like to go forward then.

23          I'll note that that gives us about a week and-a-half

24    to two weeks before Christmas day, which I think is a Friday.

25    And we think the government's case is likely to be somewhere

K9GVTAGC

1    between six to eight trial days.  So absent an overly long

2    defense case, we should be able to get the trial in that

3    window.

4            With respect to the various objections that defense

5    counsel has listed, obviously the government is prepared to

6    respond to those once they are made in writing.  I guess the

7    only point I'd make on those now is it's my understanding that

8    there are quite a few jury trials that are scheduled to happen

9    before ours.  Beginning, I believe, in early October, there's

10   several criminal jury trials scheduled in this district.

11           And so I think a lot of the questions that

12   Mr. Bachrach has raised are things that are going to be

13   explored by other judges, and maybe also this Court, if you

14   have earlier trials in the cases that happen, for example, in

15   early October.

16           And so while certainly he can file by the 30th, and we

17   can file as soon thereafter as the Court would like, it may be

18   worth holding this until there's actually been a jury trial,

19   which I think Judge Rakoff has one in early October, so that

20   Mr. Bachrach actually has something real to shoot at in terms

21   of talking about what practices were used.  And the government

22   can respond by explaining how those things, in fact, were

23   effective, as we imagine they will be.

24           THE COURT:  I'm going to hold to the September 30th

25   date, because I think it's best to get these objections on the

1    table.  You can always supplement the record later on with

2    whatever Judge Rakoff decides or doesn't decide to do.

3              So this is going to be a process that's going to

4    evolve over time.  But from my standpoint, I think it's best to

5    get the objections on the table at the earliest possible

6    opportunity.  I'm going to hold to the September 30th date.

7              MR. McKAY:  That's fine, your Honor.

8              May we have two weeks to respond?

9              THE COURT:  Two weeks to respond, yes.

10             And a week then to reply.

11             MR. ROSENBERG:  Judge, Richard Rosenberg again.

12             As we all know, the big elephant in the room is the

13   virus and what happens in the fall.  As we know, Dr. Fauci has

14   indicated that he expects to be a rough time coming forward.

15             I assume that the Court will be open to revisiting the

16   safety and decision about going forward should this virus

17   impact the population at a greater -- even greater extent than

18   it is now, but for the safety of all concerned.

19             THE COURT:  We're going forward on the assumption that

20   we've done whatever we can do to preserve the health and safety

21   of all the parties in the proceeding, including the jurors, the

22   courtroom personnel, certainly the defendants and counsel for

23   the parties.  So health comes first.

24             MR. ROSENBERG:  Well, that's why I'm raising this,

25   Judge.  And just speaking for myself -- and I know that others

K9GVTAGC

1  share my concerns -- that the virus situation is not yet

2  contained, so to speak, and I have deep concerns about it,

3  Judge.

4          THE COURT:  Okay.  Your concerns are noted.

5          MR. ROSENBERG:  Okay.  What I'm asking the Court is

6  should the unfortunate happen and the virus becomes worse or --

7  I assume that the Court is in the courthouse and the

8  administration would be receptive to revisiting the trial

9  schedule and the trial date.

10         THE COURT:  I'm going to leave it where I said before:

11 Your concerns are noted.

12         MR. ROSENBERG:  Fair enough.

13         THE COURT:  We're proceeding to maximize the

14 protective measures that we've adopted.  We've done

15 ventilation -- air circulation studies.  There's masks, there's

16 handwashing protocols.  There's a whole battery of things that

17 have to be done.  If those prove to be inadequate, we'll

18 address those concerns when they come up.

19         As I understand it, as I recall, there's a pending

20 motion for a severance; is that correct?

21         MR. ROSENBERG:  There is, your Honor.

22         Richards Rosenberg.

23         THE COURT:  Is that your motion, Mr. Rosenberg?

24         MR. ROSENBERG:  Yes, your Honor.  It's still pending.

25         THE COURT:  Has the government responded to it,

K9GVTAGC

1   Mr. McKay?

2           MR. McKAY:  Your Honor, yes.

3           We responded briefly on the merits; although we made

4   the point that we expected that, in fact, it was going to be

5   mooted by the fact that at last one of the defendants would

6   plead guilty, and so there was no need for the Court to

7   consider it.

8           That is still our view.  We still believe there is

9   only going to be a one-defendant trial.  And so while no plea

10  has been entered yet, we don't think it's necessary for the

11  Court to decide it at this time.  We're happy to give the Court

12  updates on the status of negotiations; although I'm not sure

13  it's appropriate to do so with all counsel on the line.

14          And to the extent the Court wants to do the case and

15  merits now though, we think it should be denied for the reasons

16  we've set forth in our brief.

17          THE COURT:  I'll hold off making the decision on this

18  for another 30 days and keep me posted.

19          MR. McKAY:  Yes, your Honor.

20          THE COURT:  Now, anything else to cover today,

21  gentlemen?

22          MR. McKAY:  Only speedy trial, from the government's

23  perspective, your Honor.

24          THE COURT:  Exclude time through the trial date of

25  December 14th.  Any objections?

1          MR. LICHTMAN:  No, your Honor.

2          MR. ROSENBERG:  No, your Honor.

3          Richards Rosenberg.  No, your Honor.

4          THE COURT:  All right.  Time between now and December

5     14th will be excluded from the speedy trial clock.

6          All right.  We'll stay in touch and --

7          MR. ROSENBERG:  *In limine* motions, Judge?

8          THE COURT:  Oh.  We'll set a final pretrial conference

9     for December the 7th.  Any motions that you want to make, *in*

10    *limine* motions that you wish to make have got to be made so

11    that I can rule on them by December 7th.  I need about a week's

12    time for reviewing the *in limine* motions and the responses, if

13    the parties can get together and work out a schedule.

14         But I'll have the final pretrial conference on

15    December the 7th.  And I need the motions *in limine* and

16    responses about a week before so I can review them and decide

17    the issues at the final pretrial conference.

18         MR. McKAY:  Judge, Tom McKay, for the government.

19         We'll speak to defense counsel and send a letter with

20    a proposed schedule once we agree on one.

21         THE COURT:  Thank you, Mr. McKay.

22         All right.  If there's nothing else, the conference is

23    adjourned.  Thank you very much.

24                        *    *    *

25