UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------X

UNITED STATES OF AMERICA,

     - against -                       19 Cr. 472 (PAC)

SALVATORE TAGLIAFERRO,

               Defendant.

-----------------------------------------------------X


**DEFENDANT'S REQUEST TO CHARGE**


RICHARD H. ROSENBERG, ESQ.
217 Broadway, Suite 707
New York, NY 10007
(212) 586-3838

MICHAEL K. BACHRACH, ESQ.
224 West 30th Street, Suite 302
New York, New York 10001
(212) 929-0592

*Attorneys for Defendant Salvatore Tagliaferro*

# Table of Contents

I.     Preliminary Statement........................................................................................1

II.    Defendant's Proposed General Instructions.......................................................2

     Proposed Instruction No. 1: Duty of the Court ...................................................2

     Proposed Instruction No. 2: Duty of the Jury .....................................................3

     Proposed Instruction No. 3: Duty of Impartiality ...............................................5

     Proposed Instruction No. 4: Presumption of Innocence and Burden of Proof....................6

     Proposed Instruction No. 5: Reasonable Doubt...................................................7

     Proposed Instruction No. 6: Direct and Circumstantial Evidence ......................................8

     Proposed Instruction No. 7: Witness Credibility .................................................9

     Proposed Instruction No. 8: A Defendant's Right Not to Testify (if applicable).............11

III.   Defendant's Proposed Instructions on the Charges ...........................................12

     Proposed Instruction No. 9: Conspiracy (Count 1).............................................12

     Proposed Instruction No. 10: Conversion of Union Assets (Count 2)...............................15

     Proposed Instruction No. 11: Honest Services Wire Fraud (Count 3)..............................17

     Proposed Instruction No. 12: Venue.......................................................................19

IV.   Proposed Concluding Instructions .....................................................................20

     Proposed Instruction No. 13: Selection of Foreperson; Right to See Exhibits and Hear Testimony; Communications with Court.................................................................20

     Proposed Instruction No. 14: Verdict; Need for Unanimity; Duty to Consult .................21

V.    Conclusion ....................................................................................................22

# I.    **Preliminary Statement**

Pursuant to Rule 30 of the Federal Rules of Criminal Procedure, Defendant Salvatore Tagliaferro, by and through counsel, respectfully requests that the Court include the following instructions in its charge to the jury. Defendant additionally requests leave to submit such additional proposed instructions as may later become appropriate.

Defendant notes that because this trial is expected to take place during the COVID-19 pandemic, we respectfully submit that all parties would benefit by this Court erring on the side of brevity when formulating its instructions. To that end, Defendant's proposed instructions are based primarily upon the Honorable Jed S. Rakoff's instructions in United States v. Petit and Taylor, 19 Cr. 850 (JSR) (SDNY), one of only three criminal jury trials to take place in this District since the courthouse re-opened to trials during the pandemic.

Even irrespective of the pandemic, Judge Rakoff's instructions are generally regarded for their ability to balance brevity with the need to adequately explain complicated legal issues. In turn, Judge Rakoff's instructions tend to be considerably more concise than the model instructions utilized by many other judges in this District including those promulgated as the Sand, Model Federal Jury Instructions. Defendant submits that the efficiency of Judge Rakoff's instructions form an appropriate model for pandemic era trials.

As such, whenever an appropriate sample could not be adapted from Petit and Taylor, to the extent possible we have relied upon Judge Rakoff's instructions from an Honest Services Fraud case, United States v. Boyland, 11 Cr. 300 (JSR) (SDNY). Regardless, for each proposed charge we note in a footnote the source from which it is quoted or adapted.

## II.   Defendant's Proposed General Instructions

### Proposed Instruction No. 1

### Duty of the Court

We are now approaching the most important part of this case, your deliberations. You have heard all of the evidence in the case, as well as the final arguments of the lawyers for the parties. Before you retire to deliberate, it is my duty to instruct you as to the law that will govern your deliberations. As I told you at the start of this case, and as you agreed, it is your duty to accept my instructions of law and apply them to the facts as you determine them.

Regardless of any opinion that you may have as to what the law may be or ought to be, it is your sworn duty to follow the law as I give it to you. Also, if any attorney or other person has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

Because my instructions cover many points, I have provided each of you with a copy of them, not only so that you can follow them as I read them to you now, but also so that you can have them with you for reference throughout your deliberations. In listening to them now and reviewing them later, you should not single out any particular instruction as alone stating the law, but you should instead consider my instructions as a whole.[1]

---

[1]   Jury charge given by the Hon. Jed S. Rakoff in United States v. Petit and Taylor, 19 Cr. 850 (JSR) (SDNY).

**Proposed Instruction No. 2**

**Duty of the Jury**

Your duty is to decide the fact issues in the case and arrive, if you can, at a verdict. You, the members of the jury, are the sole and exclusive judges of the facts. You pass upon the weight of the evidence; you determine the credibility of the witnesses; you resolve such conflicts as there may be in the testimony; and you draw whatever reasonable inferences you decide to draw from the facts as you determine them.

In determining the facts, you must rely upon your own recollection of the evidence. To aid your recollection, we will send you all the exhibits at the start of your deliberations, and if you need to review particular items of testimony, we can also arrange to provide them to you in transcript or read-back form.

Please remember that none of what the lawyers have said in their opening statements, in their closing arguments, in their objections, or in their questions, is evidence. Nor is anything I may have said evidence. The evidence before you consists of just three things: the testimony given by witnesses that was received in evidence, the exhibits that were received in evidence, and any stipulations of the parties that were received in evidence.

Testimony consists of the answers that were given by the witnesses to the questions that were permitted. Please remember that questions, although they may provide the context for answers, are not themselves evidence; only answers are evidence, and you should therefore disregard any question to which I sustained an objection. Also, you may not consider any answer that I directed you to disregard or that I directed be stricken from the record. Likewise, you may not consider anything you heard about the contents of any exhibit that was <u>not</u> received in evidence.

Furthermore, you should be careful not to speculate about matters not in evidence. For example, there is no legal requirement that the government prove its case through a particular witness or by use of a particular law enforcement technique. Nor should you speculate about why one or another person whose name may have figured in the evidence is not part of this trial or what his or her situation may be. Your focus should be entirely on assessing the evidence that was presented here for your consideration.

It is the duty of the attorney for each side of a case to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible. Counsel also have the right and duty to ask the Court to make rulings of law and to request conferences at the side bar out of the hearing of the jury. All such questions of law must be decided by me. You should not show any prejudice against any attorney or party because the attorney objected to the admissibility of evidence, or asked for a conference out of the hearing of the jury, or asked me for a ruling on the law.

I also ask you to draw no inference from my rulings or from the fact that upon occasion I asked questions of certain witnesses. My rulings were no more than applications of the law and my questions were only intended for clarification or to expedite matters. You are expressly to understand that I have no opinion as to the verdict you should render in this case.[2]

---

[2]     Jury charge given by the Hon. Jed S. Rakoff in United States v. Petit and Taylor, 19 Cr. 850 (JSR) (SDNY).

**Proposed Instruction No. 3**

**Duty of Impartiality**

You are to perform your duty of finding the facts without bias or prejudice as to any party. You are to perform your final duty in an attitude of complete fairness and impartiality. You are not to be swayed by rhetoric or emotional appeals.

The fact that the prosecution is brought in the name of the United States of America entitles the government to no greater consideration than that accorded any other party. By the same token, it is entitled to no less consideration. All parties, whether the government or individuals, stand as equals at the bar of justice.

Please also be aware that the question of possible punishment is the province of the judge, not the jury, and therefore it should not in any way enter into or influence your deliberations. Your duty is to weigh the evidence and not be affected by extraneous considerations.

It must be clear to you that if you were to let bias, or prejudice, or fear, or sympathy, or any other irrelevant consideration interfere with your thinking, there would be a risk that you would not arrive at a true and just verdict. So do not be guided by anything except clear thinking and calm analysis of the evidence.[3]

---

[3]    Jury charge given by the Hon. Jed S. Rakoff in United States v. Petit and Taylor, 19 Cr. 850 (JSR) (SDNY).

## Proposed Instruction No. 4

## Presumption of Innocence and Burden of Proof

The defendant here, Salvatore Tagliaferro, is charged with three federal crimes about which I will instruct you shortly. Please bear in mind, however, that the charges, or "counts" as they are called, are not themselves evidence of anything.

The defendant has pled not guilty. To prevail against the defendant on a given charge, the government must prove each essential element of that charge beyond a reasonable doubt. If the government succeeds in meeting this burden, your verdict should be guilty on that charge; if it fails, your verdict must be not guilty on that charge. This burden never shifts to the defendant, for the simple reason that the law presumes a defendant to be innocent and never imposes upon a defendant in a criminal case the burden or duty of calling any witness or producing any evidence.

In other words, as to each charge, a defendant starts with a clean slate and is presumed innocent until such time, if ever, that you as a jury are satisfied that the government has proven that he is guilty of that charge beyond a reasonable doubt.[4]

---

[4]    Adapted from jury charge given by the Hon. Jed S. Rakoff in <u>United States v. Petit and Taylor</u>, 19 Cr. 850 (JSR) (SDNY) (charged modified to insert Mr. Tagliaferro's name, the number of charges against him, and omit language only relevant in multi-defendant cases); <u>see also</u> Jury Charge, <u>United States v. Boyland</u>, 11 Cr. 300 (JSR) (SDNY) (substantially the same as proposed above).

## Proposed Instruction No. 5

## Reasonable Doubt

Since, to convict a defendant of a given charge, the government is required to prove that charge beyond a reasonable doubt, the question then is: what is a reasonable doubt? The words almost define themselves. It is a doubt based upon reason. It is doubt that a reasonable person has after carefully weighing all of the evidence. It is a doubt that would cause a reasonable person to hesitate to act in a matter of importance in his or her personal life. Proof beyond a reasonable doubt must therefore be proof of a convincing character that a reasonable person would not hesitate to rely upon in making an important decision.

A reasonable doubt is not caprice or whim. It is not speculation or suspicion. It is not an excuse to avoid the performance of an unpleasant duty. The law does not require that the government prove guilt beyond all possible doubt: Proof beyond a reasonable doubt is sufficient to convict.

If, after fair and impartial consideration of the evidence, you have a reasonable doubt as to a defendant's guilt with respect to a particular charge against him, you must find that defendant not guilty of that charge. On the other hand, if after fair and impartial consideration of all the evidence, you are satisfied beyond a reasonable doubt of a defendant's guilt with respect to a particular charge against him, you should not hesitate to find that defendant guilty of that charge.[5]

---

[5]    Jury charge given by the Hon. Jed S. Rakoff in United States v. Petit and Taylor, 19 Cr. 850 (JSR) (SDNY).

<u>**Proposed Instruction No. 6**</u>

<u>**Direct and Circumstantial Evidence**</u>

In deciding whether the government has met its burden of proof, you may consider both direct evidence and circumstantial evidence.

Direct evidence is evidence that proves a fact directly. For example, where a witness testifies to what he or she saw, heard, or observed, that is called direct evidence.

Circumstantial evidence is evidence that tends to prove a fact by proof of other facts. To give a simple example, suppose that when you came into the courthouse today the sun was shining and it was a nice day, but the courtroom blinds were drawn and you could not look outside. Later, as you were sitting here, someone walked in with a dripping wet umbrella and, soon after, somebody else walked in with a dripping wet raincoat. Now, on our assumed facts, you cannot look outside of the courtroom and you cannot see whether or not it is raining. So you have no direct evidence of that fact. But, on the combination of the facts about the umbrella and the raincoat, it would be reasonable for you to infer that it had begun raining.

That is all there is to circumstantial evidence. Using your reason and experience, you infer from established facts the existence or the nonexistence of some other fact. Please note, however, that the process is not a matter of speculation or guess: it is a matter of logical inference.

The law makes no distinction between direct and circumstantial evidence. Circumstantial evidence is of no less value than direct evidence, and you may consider either or both, and may give them such weight as you conclude is warranted.[6]

---

[6]     Jury charge given by the Hon. Jed S. Rakoff in <u>United States v. Petit and Taylor</u>, 19 Cr. 850 (JSR) (SDNY).

## Proposed Instruction No. 7

## Witness Credibility

It must be clear to you by now that counsel for the government and counsel for the defendant are asking you to draw very different conclusions about various factual issues in the case. Deciding these issues will involve making judgments about the testimony of the witnesses you have listened to and observed. In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence that may help you to decide the truth and the importance of each witness's testimony.

Your decision to believe or to not believe a witness may depend on how that witness impressed you. How did the witness appear? Was the witness candid, frank, and forthright, or did the witness seem to be evasive or suspect in some way? How did the way the witness testified on direct examination compare with how the witness testified on cross-examination? Was the witness consistent or contradictory? Did the witness appear to know what he or she was talking about? Did the witness strike you as someone who was trying to report his or her knowledge accurately? These are examples of the kinds of commonsense questions you should ask yourselves in deciding whether a witness is or is not truthful.

How much you choose to believe a witness may also be influenced by the witness's bias. Does the witness have a relationship with the government or the defendant that may affect how he or she testified? Does the witness have some incentive, loyalty, or motive that might cause him or her to shade the truth? Does the witness have some bias, prejudice, or hostility that may cause the witness to give you something other than a completely accurate account of the facts he or she testified to?

In this regard, you have heard testimony from **[insert number]** witnesses who admitted to being involved in some of the alleged criminal activity with which the defendant is charged and testified either pursuant to a non-prosecution agreement with the government or pursuant to a plea agreement and/or grant of immunity. Specifically, **[insert name(s)]** testified pursuant to a plea agreement, **[insert name(s)]** testified to a grant of immunity, and **[insert name(s)]** testified pursuant to a non-prosecution agreement with the government. The law permits the use of testimony from such witnesses; indeed, such testimony, if found truthful to you, may be sufficient in itself to warrant conviction of the defendant if it convinces you of the defendant's guilt beyond a reasonable doubt. However, the law requires that the testimony and motives of each such witness be scrutinized with particular care and caution. After carefully scrutinizing the testimony of a witness who is testifying pursuant to a plea agreement, grant of immunity, or non-prosecution agreement and taking account of the special feature of such agreements, you may give the testimony as little or as much weight as you deem appropriate.

As to all witnesses, you should also consider whether a witness had an opportunity to observe the facts he or she testified about, and whether the witness's recollection of the facts stands up in light of the other evidence in the case.

In other words, what you must try to do in deciding credibility is to size up a person just as you would in any important matter where you are trying to decide if a person is truthful, straightforward, and accurate in his or her recollection.[7]

---

[7]     Adapted from the jury charge given by the Hon. Jed S. Rakoff in <u>United States v. Petit and Taylor</u>, 19 Cr. 850 (JSR) (SDNY) (modified to account for a single defendant trial, otherwise substantially the same).

## Proposed Instruction No. 8

## A Defendant's Right Not to Testify (if applicable)

The defendant did not testify in this case. Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the government's burden to prove a defendant guilty beyond a reasonable doubt. A defendant is never required to prove that he or she is innocent.

Accordingly, you must not attach any significance to the fact that the defendant did not testify. No adverse inference against the defendant may be drawn by you because he did not take the witness stand, and you may not consider it against the defendant in any way in your deliberations in the jury room.[8]

---

[8] Adapted from the jury charge given by the Hon. Jed S. Rakoff in United States v. Petit and Taylor, 19 Cr. 850 (JSR) (SDNY) (modified to account for a single defendant trial, otherwise substantially the same).

### III.    **Defendant's Proposed Instructions on the Charges**

### Proposed Instruction No. 9

### Count One: Conspiracy

With these preliminary instructions in mind, let us turn to the three charges against the defendant, Salvatore Tagliaferro. The first charge is that the defendant conspired to commit two offense: (1) conversion of union assets; and (2) something that is called "honest services fraud."

In order to meet its burden of proof with respect to this charge, the government must prove beyond a reasonable doubt each of the following three essential elements:

<u>First</u>, the existence of the charged conspiracy during the applicable time-period; and

<u>Second</u>, that the defendant participated in the conspiracy unlawfully, knowingly, and intentionally.

<u>Third</u>, that at least one overt act in furtherance of the conspiracy was taken unlawfully, knowingly, and intentionally by at least one member of the conspiracy.

Starting with the first element, what is a conspiracy? A conspiracy is an agreement or an understanding between two or more persons to commit one or more unlawful objects. In this instance, the alleged conspiracy was an agreement between Salvatore Tagliaferro and John DeFalco to receive secret bribes in return for membership in the Local 926 chapter of the United Brotherhood of Carpenters and Joiners of America (the "Union"), and for Mr. Tagliaferro and Mr. DeFalco to cause union membership books, which constitute the property of the Union, to be provided to prospective union members in exchange for cash bribes.

Receiving union membership in exchange for cash bribes is called "honest services fraud" because it deprives New York State and its citizens of their right to have union membership awarded free of secret bribes. In other words, honest services fraud is limited to bribery schemes.

In addition, to qualify as honest services fraud, the agreement must contemplate at least one use either of the mails or of interstate wire communication (such as an interstate telephone call) in furtherance of the conspiracy.

Similarly, causing Union membership books to be provided to prospective Union members in exchange for cash bribes is referred to as "conversion of Union assets" because the Union membership books constitute property of the Union. "Conversion" in this context means that Union membership books were provided by Mr. Tagliaferro to prospective Union members without authorization or right and was done so unlawfully and not in good faith.

Please bear in mind that conspiracy is an entirely distinct and separate offense from actually engaging in the underlying objects of the conspiracy, here, conversion of union assets and honest services fraud. The actual commission of the objects of a conspiracy is <u>not</u> an essential element of the crime of conspiracy. Therefore, the conspirators must simply have <u>agreed</u> to commit conversion of union assets and honest services fraud.

Although it is charged that the alleged conspiracy began in 2017 and continued through June 2019, it is not essential that the government prove that the conspiracy started and ended on specific dates or that it existed throughout that period. Rather, it is sufficient to satisfy the first element that you find that in fact a conspiracy was formed and that it existed for any time within the charged period.

Turning to the second essential element, if you conclude that the government has proved beyond a reasonable doubt that the charged conspiracy existed, you must then consider whether it has also proved beyond a reasonable doubt that the defendant joined the conspiracy unlawfully, knowingly, and intentionally.

"Unlawfully," obviously, means contrary to law. But in terms of its application to the

defendant's state of mind, the government is not required to show that the defendant knew that he was breaking any particular law. The government must prove, however, that the defendant was aware of the generally unlawful nature of his acts.

"Knowingly" means to act consciously and voluntarily, rather than by mistake or accident or mere inadvertence.

"Intentionally" here means to act deliberately and with a bad purpose, not in good faith, rather than innocently.

Thus, a defendant enters into a conspiracy unlawfully, knowingly, and intentionally if he joins and participates in the conspiracy with knowledge of, and the intent to further, its unlawful object. It is not necessary, however, that a defendant be fully informed of all of the details of the conspiracy, or all of its participants. He may have joined the conspiracy at any time in its duration and may not have received any benefit in return. However, mere association by a defendant with a conspirator does not itself make the defendant a member of the conspiracy, even if he knows of the conspiracy. In other words, knowledge is not enough; the defendant himself must intentionally participate in the conspiracy with the purpose of helping to achieve at least one of its unlawful objects.

Finally, with respect to the third element – that some member of the conspiracy, not necessarily the defendant, knowingly and willfully committed an overt act in furtherance of the conspiracy – an "overt act" is any action intended to help achieve the object of the conspiracy. An overt act need not itself be a criminal act, but it must contribute to furthering the conspiracy.[9]

---

[9]    Adapted from jury charge given by the Hon. Jed S. Rakoff in United States v. Boyland, 11 Cr. 300 (JSR) (SDNY), and from Sand, Modern Federal Jury Instructions, Instr. 19-3S, which itself was adapted from a jury charge given by Judge Rakoff in United States v. Rodin, 03 Cr. 1499 (JSR) (SDNY).

**Proposed Instruction No. 10**

**Count Two: Conversion of Union Assets**

The second count alleged in the indictment charges Mr. Tagliaferro with conversion of union assets in violation of Title 29, United States Code, Section 501(c).

Title 29, United States Code, Section 501(c), provides:

> Any person who embezzles, steals, or unlawfully and willfully abstracts or converts to his own use, or the use of another, any of the moneys, funds, securities, property, or other assets of a labor organization of which he is an officer, or by which he is employed, directly or indirectly, shall be fined not more than $10,000 or imprisoned for not more than five years, or both.

In this case, in order to prove that the defendant committed the offense of conversion of union assets, the government must prove, beyond a reasonable doubt:

First, that Mr. Tagliaferro unlawfully converted Union property to the use of another in exchange for cash bribes, or aided and abetted another person in doing the same;

Second, that the Union membership books were property of the Union; and

Third, that Mr. Tagliaferro acted knowingly and willfully.

With respect to the first element, "conversion" as used in this context means that the union assets, in this case, Union membership books, were provided by Mr. Tagliaferro to prospective Union members without authorization or right and was done so unlawfully.

The second element is self-evident and defines itself. All that must be proven for the second element is that the Union membership books were property of the Local 926 chapter of the Union.

The third element that the government must establish beyond a reasonable doubt is that the defendant knowingly and willfully acted unlawfully. The acceptance of an unauthorized payment or bribe does not, in itself, establish a violation of the statute. The government must prove beyond

a reasonable doubt that the transfer of Union property was unauthorized, that Mr. Tagliaferro was aware that the transfer was unauthorized, and that knowing this Mr. Tagliaferro nevertheless deliberately and intentionally accepted the bribe for purposes unrelated to the Union.

As a result, in attempting to prove that Mr. Tagliaferro acted knowingly and willfully, the government likewise has the burden of proving, beyond a reasonable doubt, that Mr. Tagliaferro acted with an unlawful intent. Good faith is an absolute defense to this charge.

Accordingly, with respect to Count 2, the government must also prove: (1) that Mr. Tagliaferro did <u>not</u> believe in good faith that the Local 926 chapter of the Union would be benefited by providing Union membership books to prospective members; or (2) that Mr. Tagliaferro did <u>not</u> believe in good faith that providing these specific prospective Union members with Union membership books was authorized or would be authorized by the Union for which he was the President of Local 926 chapter.

If you find each of these elements, including that Mr. Tagliaferro was not acting in good faith, then you must find Mr. Tagliaferro guilty of conversion of union assets. However, if the government is not able to meet its burden of proof as to each of these elements, including that Mr. Tagliaferro was not acting in good faith, then you must find Mr. Tagliaferro not guilty of this charge of the indictment.[10]

---

[10]    Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instrs. 27-1, 27-3, 27-4, 27-7 (citations omitted), and by incorporating language approved of by the Second Circuit in <u>United States v. McCarthy</u>, 271 F.3d 387, 396-97 (2d Cir. 2001); <u>see also</u> <u>McCarthy</u>, 271 F.3d at 396 ("[W]hen instructing a jury in a § 501(c) case, the issues of whether the union authorized the transfer [of property] and whether the union benefited from that transfer are relevant and should be included in the jury charge."), <u>citing</u>, <u>United States v. Butler</u>, 954 F.2d 114, 118 (2d Cir. 1992) (additional citation omitted).

**Proposed Instruction No. 11**

**Count 3: Honest Services Wire Fraud**

The final charge is that the defendant committed what is called "honest services fraud."

In order to meet its burden of proof with respect to this charge, the government must prove beyond a reasonable doubt each of the three essential elements:

First, the government must prove beyond a reasonable doubt that there was a scheme or artifice to defraud or to obtain money or property or the intangible right of honest services by materially false and fraudulent purposes. In this instance, it is alleged that Salvatore Tagliaferro would use his official influence as the President of the Local 926 chapter of the Union to deprive the Union of his honest services by soliciting and accepting cash bribes in exchange for Union membership books. This is called "honest services fraud" because it deprives New York State and its citizens of their right to have their union representatives act free of secret bribes. In other words, honest services fraud is limited to bribery schemes.

Please note that it would not be sufficient if the payments were made simply as an effort to obtain generalized goodwill from Mr. Tagliaferro or any other union employee who might later be in a position to act favorably to the giver's interest. For payments to constitute bribes in this instance, there must be an explicit or implicit agreement or understanding by the payor and Mr. Tagliaferro that in return for the payments, the payor would receive a union membership book. This is known as a "quid pro quo" bribery scheme, and it requires that you must find that a particular payment is made in exchange for a *commitment* from Mr. Tagliaferro to provide a union book.

Second, the government must prove beyond a reasonable doubt that Mr. Taglieferro knowingly and willfully participated in the bribery scheme, with knowledge of its fraudulent

17

nature and with specific intent to defraud, or that he knowingly and intentionally aided and abetted others in the bribery scheme.

As previously explained, "unlawfully," obviously, means contrary to law. But in terms of its application to the defendant's state of mind, the government is not required to show that the defendant knew that he was breaking any particular law. The government must prove, however, that the defendant was aware of the generally unlawful nature of his acts.

"Knowingly", as previously explained, means to act consciously and voluntarily, rather than by mistake or accident or mere inadvertence.

"Intentionally" here means to act deliberately and with a bad purpose, rather than innocently, and with an intent to defraud and harm the citizens of New York by secretly depriving them of their right to have their union employees act free of the influence of bribes.

<u>Third</u>, the government must prove beyond a reasonable doubt that in execution of the scheme or artifice to defraud, Mr. Tagliaferro used or caused the use of the mails or commercial interstate carrier or interstate wires. In this case that means that the government must prove beyond a reasonable doubt that Mr. Tagliaferro used the telephone to commit, or aid and abet the commission of, the bribery scheme.[11]

---

[11] Adapted from jury charge given by the Hon. Jed S. Rakoff in <u>United States v. Boyland</u>, 11 Cr. 300 (JSR) (SDNY); and from and from the Second Circuit's opinion in <u>United States v. Ganim</u>, 510 F.3d 134, 147 (2d Cir. 2009) ("In short, requiring a jury to find a quid pro quo, as governing law does, ensures that a particular payment is made in exchange for a *commitment* to perform official acts to benefit the payor in the future.") (emphasis in original); <u>see also</u> <u>Ganim</u>, 510 F.3d at 149; Sand, <u>Modern Federal Jury Instructions</u>, Instr. 44-3, 44-4 (citations omitted).

**Proposed Instruction No. 12**

**Venue**

For each of the three charges here, in addition to the foregoing essential elements of the conspiracy, you must also determine whether the conspiratorial agreement was formed in the Southern District of New York or, alternatively, whether any act in furtherance of conspiracy occurred in the Southern District of New York. This is called establishing venue. The Southern District of New York includes all of Manhattan and the Bronx, as well as Westchester, Rockland, Putnam, Dutchess, Orange and Sullivan Counties. Unlike all the other elements of the offenses, which must be proved beyond a reasonable doubt, the government is only required to prove venue by a preponderance of the evidence, that is, that it is more probable than not.[12]

---

[12]     Adapted from jury charge given by the Hon. Jed S. Rakoff in United States v. Boyland, 11 Cr. 300 (JSR) (SDNY).

## IV.    Proposed Concluding Instructions

## Proposed Instruction No. 13

## Selection of Foreperson; Right to See Exhibits and Hear Testimony; Communications with the Court

You will shortly retire to the jury room to begin your deliberations. As soon as you get to the jury room, please select one of your number as the foreperson to preside over your deliberations and to serve as your spokesperson if you need to communicate with the Court.

You will be bringing with you into the jury room a copy of my instructions of law, and a verdict form on which to record your verdict. In addition, we will send into the jury room all of the exhibits that were admitted into evidence. If you want any of the testimony provided, that can also be done, either in transcript or readback form. But, please remember that it is not always easy to locate what you might want, so be as specific as you possibly can be in requesting portions of the testimony.

Any of your requests, in fact any communication with the Court, should be made to me in writing, signed by your foreperson, and given to the Marshal, who will be available outside the jury room throughout your deliberations. After consulting with counsel, I will respond to any question or request you have as promptly as possible, either in writing or by having you return to the courtroom so that I can speak with you in person.[13]

---

[13]    Jury charge given by the Hon. Jed S. Rakoff in United States v. Boyland, 11 Cr. 300 (JSR) (SDNY); see also Jury Charge, United States v. Petit and Taylor, 19 Cr. 850 (JSR) (SDNY) (substantially the same as proposed above).

**Proposed Instruction No. 14**

**Verdict; Need for Unanimity; Duty to Consult**

You should not, however, tell me or anyone else how the jury stands on any issue until you have reached your verdict and recorded it on your verdict form. As I have already explained, the government, to prevail on a particular charge against the defendant, must prove each essential element of that charge beyond a reasonable doubt. If the government carries this burden, you should find the defendant guilty of that charge. Otherwise, you must find the defendant not guilty of that charge.

Each of you must decide the case for yourself, after consideration, with your fellow jurors, of the evidence in the case; and your verdict must be unanimous. In deliberating, bear in mind that while each juror is entitled to his or her opinion, each should exchange views with his or her fellow jurors. That is the very purpose of jury deliberation – to discuss and consider the evidence; to listen to the arguments of fellow jurors; to present your individual views; to consult with one another; and to reach a verdict based solely and wholly on the evidence. If, after carefully considering all the evidence and the arguments of your fellow jurors, you entertain a conscientious view that differs from the others, you are not to yield your view simply because you are outnumbered. On the other hand, you should not hesitate to change an opinion that, after discussion with your fellow jurors, now appears to you erroneous.

In short, your verdict must reflect your individual views and must also be unanimous.

This completes my instructions of law.[14]

---

[14] Jury charge given by the Hon. Jed S. Rakoff in <u>United States v. Petit and Taylor</u>, 19 Cr. 850 (JSR) (SDNY).

**V.**     <u>**Conclusion**</u>

Defendant Salvatore Tagliaferro, by and through counsel, respectfully requests that the requests to charge enumerated herein be given as, or incorporated into, this Court's final instructions to the jury.  Further, Defendant respectfully reserves the right to request additional instructions should they become necessary.

Dated: New York, New York
         January 4, 2021

                              Respectfully submitted,

                              /S/

                              Michael K. Bachrach
                              Richard H. Rosenberg

                              *Attorneys for Defendant Salvatore Tagliaferro*