UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------X

UNITED STATES OF AMERICA,

    *-against-*

Salvatore Tagliaferro,

        *Defendant*

----------------------------------------------------------------X

19-CR-472 (PAC)

**OPINION & ORDER**

Before the Court are motions *in limine* by Defendant Salvatore Tagliaferro and the

Government. Tagliaferro's trial is scheduled to begin on April 5, 2021. For the reasons set forth

below, the Government's motions are **GRANTED** in part, **DENIED** in part, and **DEFERRED**

in part, and Tagliaferro's motion is **DENIED**.


## BACKGROUND

Familiarity with the case is assumed. The indictment, dated June 25, 2019, charges

Tagliaferro with three criminal acts of bribery when he was President of Local Chapter 926 of

the United Brotherhood of Carpenters and Joiners of America (the "Union"): (1) conspiracy to

convert labor union property and commit honest services wire fraud, in violation of 18 U.S.C. §

371; (2) conversion of union assets, in violation of 29 U.S.C. § 501(c) and 18 U.S.C. § 2; and (3)

honest services wire fraud, in violation of 18 U.S.C. §§ 1343, 1346, and 2. (*See* ECF 2.)

Tagliaferro and the Government now move *in limine* in advance of trial.

## DISCUSSION

### I.    Legal Standard

"The purpose of motions *in limine* is to allow a court to rule on the admissibility of

potential evidence in advance of trial." *Romanelli v. Long Island R.R. Co.*, 898 F. Supp. 2d 626,

629 (S.D.N.Y. 2012); *see Luce v. United States*, 469 U.S. 38, 41 n.2 (1984). On a motion *in

limine*, a court will exclude evidence only if it is "clearly inadmissible on all potential grounds."

*United States v. Ozsusamlar*, 428 F. Supp. 2d 161, 164–65 (S.D.N.Y. 2006).

### II.    1997 Federal Conviction

The Government first moves *in limine* to admit evidence of Tagliaferro's prior federal

conviction in order (1) to impeach his credibility if he decides to testify at trial, and (2) to

impeach any character witnesses that he elects to put on the stand during his case-in-chief.

(Gov't Mot. at 3–8, ECF 109.) The Government's motion is denied in both respects. The Court

rules that Tagliaferro's 1997 federal conviction may not be admitted at trial for any purpose.[1]

#### A.  Federal Conviction As Impeachment Evidence Against Tagliaferro

Because the conviction occurred over a decade ago, the Government must satisfy Rule

609(b) of the Federal Rules of Evidence to impeach the Defendant with the conviction. Rule

609(b) states that "if more than 10 years have passed since the witness's conviction or release,"

then that conviction is only admissible if "its probative value, supported by specific facts and

circumstances, substantially outweighs its prejudicial effect; and (2) the proponent gives an

---

[1] In 1997, the Defendant was charged with: stealing trucks that contained valuable merchandise; transporting the trucks and merchandise across interstate lines; and selling the stolen goods in Brooklyn. (Gov't Mot. at 3, ECF 109.) He pleaded guilty in the Eastern District of New York to conspiracy to sell stolen goods and was sentenced to 18 months imprisonment. (*Id.*) The Presentence Report ("PSR") for that offense indicates that Tagliaferro's crime was premeditated, significant, and large-scale. (*Id.*)

adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use." FED R. EVID. 609(b). Before admitting impeachment evidence under this rule, the Second Circuit has instructed that "the district judge must make an on-the-record finding based on specific facts and circumstances that the probative value of the evidence substantially outweighs the danger of unfair prejudice." *United States v. Mahler*, 579 F.2d 730, 734 (2d Cir. 1978). Factors relevant to the Rule 609(b) balancing test include: (i) the impeachment value of the conviction, *see United States v. Payton*, 159 F.3d 49, 57–58 (2d Cir. 1998); (ii) "the centrality of the credibility issue," *see id.* at 58; (iii) the length of time since the conviction, *see United States v. Garcia*, 291 F.3d 127, 138 (2d Cir. 2002); and (iv) the similarity of the prior conviction to the alleged crime. *See id.*

After balancing these factors, the Court denies the Government's motion to admit the prior conviction as impeachment evidence against Tagliaferro. The probative value of the prior conviction does not substantially outweigh its prejudicial effect. *See* FED R. EVID. 609(b). The conviction occurred nearly a quarter century ago, *see Garcia*, 291 F.3d at 138, involved a crime that is not probative of Tagliaferro's character for truthfulness, *see Payton*, 159 F.3d at 57–58, and carries the substantial risk of a propensity inference by the jury. *See id.* In addition, the Government has not shown why other methods of impeachment that are less prejudicial could not be used against Tagliaferro. *See id.* (emphasizing impeachment value of the conviction as the touchstone for admissibility). Accordingly, the prior conviction is inadmissible as impeachment evidence against Tagliaferro should he testify at trial.

### B.  Federal Conviction As Impeachment Evidence Against Character Witnesses

The Government also moves to cross-examine the Defendant's character witnesses[2]—to the extent there are any—about his 1997 conviction.  Under the Federal Rules of Evidence, "Once the defendant offers reputation or opinion evidence regarding his good character, the prosecution is permitted to ask the character witness on cross-examination about specific instances of the conduct of the accused." *United States v. Nektalov*, 2004 WL 1637010, at *2 (S.D.N.Y. July 21, 2004); *see* FED R. EVID. 405(a); *United States v. Russo*, 110 F.3d 948, 952 (2d Cir. 1997).  This is permitted to "evaluate the character witness's credibility and knowledge of the defendant, not to prove the defendant's guilt." *Nektalov*, 2004 WL 1637010, at *2.  To introduce specific acts on cross-examination, the Government must demonstrate a good faith basis that those events occurred. *See Michelson v. United States*, 335 U.S. 469, 481 n. 18 (1948).  Still, the Court may exercise its discretion to exclude otherwise admissible evidence under Rule 403. *See* FED R. EVID. 403.

Upon balancing the Rule 403 considerations, the Court denies the Government's motion to cross-examine character witnesses about Tagliaferro's 1997 conviction. As noted above, the probative value of the federal conviction is marginal given the twenty-four years that have lapsed since its commission. *See supra* 3.  The prejudicial effect of admitting the conviction, however, is high because it risks enflaming the jury and painting Tagliaferro as someone with a propensity for criminal behavior. *See* FED R. EVID. 403.  Furthermore, because the Government will be

---

[2] Tagliaferro represents that he "does not anticipate calling any character witnesses." (Tagliaferro Opp. Br. at 4, ECF 111.)  At the Final Pretrial Conference, however, defense counsel stated that it was in the process of finalizing which witnesses to call in its case-in-chief. Accordingly, the issue is not moot as the Defendant suggests.

allowed to cross-examine character witnesses about Tagliaferro's alleged kickback schemes, there is minimal need to admit the federal conviction for impeachment purposes. *See* FED R. EVID. 403 (stating one factor as needless "cumulative evidence"). Hence, evidence of the 1997 conviction must be excluded because its probative value is substantially outweighed by its prejudicial effect. *See id.*

## III.   Kickback Schemes

Next, the Government moves *in limine* to cross-examine potential character witnesses about (1) the Defendant's participation in a scheme to obtain kickbacks from personal injury law firms in exchange for referring union members ("Law Firm Kickbacks"); and (2) the Defendant's receipt of a kickback payment from a Union member named William Nicolis in exchange for ensuring that a contractor hired Nicolis's firm in early 2018 ("Contracting Kickback"). (Gov't Mot. at 9.) Additionally, the Government also moves *in limine* to introduce the Contracting Kickback as substantive evidence during its case-in-chief. (*See id.*) In opposition, Tagliaferro cross-moves to broadly exclude any evidence from being introduced at trial that shows that he "obtained kickbacks in exchange for jobs." (Tagliaferro Mot. at 1, ECF 108.)

For the following reasons, the Court grants the Government's motion and denies Tagliaferro's cross motion.

### A.   Kickback Schemes on Cross-Examination of Character Witnesses

As discussed above, Rule 405(b) permits a party to cross-examine a character witness about a defendant's specific acts for the purpose of evaluating "the character witness's credibility and knowledge of the defendant." *Nektalov*, 2004 WL 1637010, at *2. But in order to do this, the Government must demonstrate a good faith basis that those events occurred, *see Michelson*,

335 U.S. at 481 n. 18, and the evidence must not be unduly prejudicial under Rule 403. Both requirements are met here.

As an initial matter, the Government has demonstrated a good faith basis that the kickback schemes actually occurred.[3] *See Michelson*, 335 U.S. at 481 n. 18. Moreover, after balancing the Rule 403 factors, the Court finds that admitting evidence of the Contracting Kickback and the Law Firm Kickbacks would not cause undue prejudice to the Defendant. *See* FED R. EVID. 403; *Nektalov*, 2004 WL 1637010, at *2. Indeed, unlike the Defendant's prior conviction which occurred twenty-four years ago, these kickback schemes happened recently during the time period when Tagliaferro allegedly committed the underlying offenses. (Gov't Mot. at 9.) So there is probative value in using the evidence to test the credibility of potential character witnesses. *See* FED R. EVID. 403. And that probative value, the Court finds, is not substantially outweighed by unfair prejudice. *See id.* Accordingly, the Government may cross-examine character witnesses about the kickback schemes.

There is one qualification that attends this ruling. If the character witness denies knowing about the specific acts in question while being cross-examined, the Government must not belabor the point; it must promptly move on to another line of questioning. The Court will not tolerate a trial within a trial in which the kickback schemes take center stage as opposed to the underlying offenses.

## B.   Contracting Kickback As Substantive Evidence

The Court also grants the Government's motion to admit the Contracting Kickback as substantive evidence during its case-in-chief. In his cross-motion to exclude this evidence,

---

[3] According to the Government, a cooperating witness who will testify at trial has corroborated these events. (Gov't Mot. at 9.)

Tagliaferro contends that the Contracting Kickback is (1) irrelevant; (2) unduly prejudicial; and (3) impermissible character evidence. (Tagliaferro Mot. at 1–4.) The Court disagrees. The Contracting Kickback is clearly relevant to the case because it concerns the agreement Tagliaferro had with ███████ in committing financial crimes through the Union. *See* FED R. EVID. 401. Additionally, Rule 404(b)'s prohibition on character evidence does not apply here given that the kickback scheme is "inextricably intertwined with evidence regarding the charged offense." *United States v. Quinones*, 511 F.3d 289 (2d Cir. 2007) (citing *United States v. Towne*, 870 F.2d 880, 886 (2d Cir. 1989). And even if the evidence did come within the scope of Rule 404(b), the evidence is still admissible because it is relevant to whether Tagliaferro and ███████ knowingly engaged in a premeditated plan to commit financial crimes through their leadership roles in the Union. *See* FED R. EVID. 404(b)(2) (stating that other bad acts are admissible if they are offered for a proper purpose, such as "intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident"). Finally, the Court finds that the evidence satisfies Rule 403's balancing test because its probative value is not substantially outweighed by unfair prejudice. *See id.* at 403. Thus the Government may introduce evidence of the Contracting Kickback in its case-in-chief.

**IV.** ███████████████████

█ ████████████████████████████ ████ ████

███████████████████████████████

█████████████████████████████

███████████████████████████████

██████████████████████████████

---

[4] This supplemental motion *in limine* was filed under seal by the Government.



## CONCLUSION

The Court **DENIES** the Government's motion *in limine* to introduce the Defendant's 1997 conviction as impeachment evidence against the Defendant or any character witnesses, should they elect to testify at trial. The 1997 conviction is inadmissible for all purposes.

The Court **GRANTS** the Government's motion *in limine* to introduce the two kickback schemes as subjects of cross-examination against character witnesses. The Court **DENIES** Tagliaferro's cross-motion to exclude evidence about the Contracting Kickback in the Government's case-in-chief.

The Court **DEFERS** judgment on the Government's motion *in limine* to preclude or otherwise limit testimony regarding the Defendant's prior activities ▮▮▮▮▮▮▮▮▮▮▮

Dated: New York, New York
      March 30, 2021

SO ORDERED

*Paul A. Crotty*

PAUL A. CROTTY
United States District Judge

8