UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------x
:
UNITED STATES OF AMERICA,       :
:
v.                              :
:   19 Cr. 472 (PAC)
SALVATORE TAGLIAFERRO,          :
:   **Sealing Order**
:
:
Defendant.                  :
:
----------------------------------------------------x

This order GRANTS the parties' request to file the following material under seal: the Government's supplemental motion *in limine* ("SML"), Tagliaferro's response (Def.'s Resp. dated Mar. 25, 2021), and the Government's reply (Gov't's Reply dated Mar. 28, 2021) (collectively, "the Briefing"), along with Tagliaferro's ex parte letter dated March 25, 2021 (the "Ex Parte Letter"). The Court has weighed the presumption of public access to these judicial documents against the risk that public disclosure would present a significant risk to (1) Tagliaferro's safety, (2) the safety of a potential defense witness, and (3) law enforcement efforts.

*Law*: "Judicial documents are subject at common law to a potent and fundamental presumptive right of public access that predates even the U.S. Constitution." *Mirlis v. Greer*, 952 F.3d 51, 58 (2d Cir. 2020) (citations omitted). This presumption of access "requires a court to make specific, rigorous findings before sealing the [judicial] document or otherwise denying public access." *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 141 (2d Cir. 2016) (citation omitted). A court must undertake a three-step inquiry when considering whether sealing a document is appropriate: the court must determine (1) whether the document is a judicial document, such that the common law presumption of public access attaches; (2) if it is

1

a judicial document, how much weight the court should give the presumption; and (3) what factors weigh against publicly disclosing the judicial document, and whether they outweigh the presumption of access. *Mirlis*, 952 F.3d at 59. A document filed with the court is a judicial document if is "relevant to the performance of the judicial function and useful in the judicial process." *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995). The presumption of access is accorded heavy weight where the judicial document directly affects an adjudication, and light weight where the document's role in the court's performance of its Article III duties is negligible. *Bernstein*, 814 F.3d at 142. Likewise, a court should give more weight to the presumption of access where access "allows the public to understand the activity of the federal courts, enhances the court system's accountability and legitimacy, and informs the public of matters of public concern." *Id.* at 141.

The First Amendment independently secures the public's presumptive right of access to certain judicial documents. *Bernstein*, 814 F.3d at 141. Two tests exist for determining whether the public's First Amendment right of access applies to a document. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006). The first is the "experience and logic" approach, by which a court must consider "both whether the documents 'have historically been open to the press and general public' and whether 'public access plays a significant positive role in the functioning of the particular process in question.'" *Id.* (quoting *Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 91 (2d Cir. 2004)). Courts operating under the first approach "have generally invoked the common law right of access to judicial documents in support of a finding of openness." *Id.* (cleaned up). "The second approach," by contrast, "considers the extent to which the judicial documents are derived from or are a necessary corollary of the capacity to attend the relevant proceedings." *Id.* (cleaned up). The court may seal a document to which the

First Amendment presumption of access applies "if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest," but "[b]road and general findings" are insufficient to justify closure. *Id.* (quoting *In re New York Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987)). Preserving the viability of ongoing or future law enforcement investigations and protecting safety and privacy interests may justify sealing a judicial document. *See United States v. Huntley*, 943 F. Supp. 2d 383, 386 (E.D.N.Y. 2013); *United States v. Armstrong*, 185 F. Supp. 3d 332, 336–337 (E.D.N.Y. 2016).

*Application*: The Briefing and the Ex Parte Letter are judicial documents. The SML is a pretrial motion to exclude testimony, and the rest of the Briefing, along with the Ex Parte Letter, are documents relating to that motion, all of which are clearly "relevant to the performance of the judicial function and useful in the judicial process," *Amodeo*, 44 F.3d at 145; thus, the common law presumption of access applies. The public also enjoys a qualified First Amendment right of access to pretrial hearings to exclude evidence under the Federal Rules of Evidence, and to documents submitted in connection with those hearings. *In re New York Times Co.*, 828 F.2d at 112, 114, 116. Public access to "documents filed in connection with pretrial motions is particularly important . . . where [(as here)] no hearing is held and the court's ruling is based solely upon the motion papers." *Id.* at 114.

The Court has weighed the public's qualified right of access to the Briefing and the Ex Parte Letter against countervailing considerations and concludes that sealing is appropriate. The Court's reasons for sealing would themselves reveal confidential information; thus, they are set forth separately in a sealed statement of reasons. *See In re Application of the Herald Co.*, 734 F.2d 93, 100 (2d Cir. 1984).

3

The Court is mindful that, where sealing is warranted, "redacting sensitive information is a preferable alternative to sealing an entire document." *Valassis Commc'ns, Inc. v. News Corp.*, No. 17-cv-7378 (PKC), 2020 WL 2190708, at *1 (S.D.N.Y. May 5, 2020). Limited redaction honors the requirement to narrowly tailor sealing. *See id.* Here, however, the necessary redactions would encompass nearly the entire documents, leaving only disjointed sentences alongside rules divorced from their application. Such disclosure would not meaningfully aid the public's understanding of how federal courts function. The balance of the documents will, therefore, be maintained under seal.

But if any of the sensitive information in the Briefing and the Ex Parte Letter is revealed at trial, the parties must publicly file appropriately redacted versions of the Briefing and the Ex Parte Letter. *See Gambale v. Deutsche Bank AG*, 377 F.3d 133, 144 (2d Cir. 2004) ("We simply do not have the power, even were we of the mind to use it if we had, to make what has thus become public private again."); *In re Application to Unseal 98 Cr. 1101(ILG)*, 891 F. Supp. 2d 296, 300 (E.D.N.Y. 2012) ("[A] court lacks power to seal information that, although once sealed, has been publicly revealed.").

Dated: New York, New York
March 30, 2021

SO ORDERED

*[signature]*

HONORABLE PAUL A. CROTTY
United States District Judge

4