UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
                                            :
United States of America,                   :
                                            :
    -*against*-                              :     19-CR-472 (PAC)
                                            :
Salvatore Tagliaferro,                      :     **OPINION & ORDER**
                                            :
    *Defendant.*                             :
                                            :
------------------------------------------------------------X

       On April 28, 2021, following a five day trial, a jury convicted Defendant Salvatore Tagliaferro of three counts: (1) conspiracy to convert labor union property and commit honest services wire fraud, 18 U.S.C. § 371; (2) conversion of union assets, 29 U.S.C. § 501(c) and 18 U.S.C. § 2; and (3) honest services wire fraud, 18 U.S.C. §§ 1343, 1346, and 2. (Min. Entry dated April 28, 2021.) At the close of the Government's case-in-chief, Tagliaferro moved for a judgment of acquittal pursuant to Rule 29 of the Federal Rules of Criminal Procedure. (Trial Tr. April 23, 2021, at 512, ECF 163.) The Court reserved judgment on the Rule 29 motion. (*Id.*)

       Tagliaferro now renews his Rule 29 motion and alternatively, moves for a new trial pursuant to Rule 33. (ECF 172.) In support of these post-trial motions, Tagliaferro contends (1) that the evidence presented at trial was insufficient, as a matter of law, to sustain his conviction and (2) that his Sixth Amendment right to counsel of choice was abridged. Having carefully reviewed the parties' arguments in light of the underlying record, Tagliaferro's post-trial motions are **DENIED**.

# BACKGROUND

## I.    The Prosecution Begins

In June 2019, Tagliaferro was arrested and charged with criminal acts of bribery when he served as President of Local Chapter 926 of the United Brotherhood of Carpenters and Joiners of America ("the Union"). (Indictment, ECF 2.) According to the Indictment, Tagliaferro abused his position of authority in the Union by admitting prospective members into his local chapter in exchange for cash bribes. (*Id.*) Tagliaferro was charged with conversion of union assets, honest services wire fraud, and conspiracy. (*Id.*)

The Court initially scheduled trial for May 4, 2020. (Min. Entry dated Nov. 7, 2019.) The outbreak of the COVID pandemic, however, frustrated that plan. (Memo Endorsement, ECF 62.) As a result, the Court granted numerous adjournments throughout 2020 and the first quarter of 2021, eventually settling on a trial date of April 5, 2021, which was approved by the District's assignment committee.[1] (Order, ECF 114.)

## II.   Attorney Issues

Since this prosecution began, attorneys Richard Rosenberg and Michael Bachrach have been counsel of record for Tagliaferro. (ECF 6, 19.) On or about March 30, however, Mr. Rosenberg suffered a fall which caused several bone fractures and temporary loss of consciousness. (*See* Mar. 31 Conf. Tr. at 2–3.)

---

[1] During the COVID pandemic, the District's assignment committee has created a set of protocols to facilitate jury trials. Under those protocols, all jury trial requests are submitted to, and reviewed by, the assignment committee, which then evaluates the requests and schedules jury trials based on certain prioritizing factors. Given the challenges of assembling juries during the COVID pandemic, trial requests are not always satisfied. Certain requests which the assignment committee deems to be of lower priority, for example, may be given a later trial date or put off entirely until the following quarterly period.

Given these unfortunate developments, on March 31, the Court convened a telephonic conference with the parties to discuss next steps. There, Tagliaferro's attorney, Mr. Bachrach, informed the Court of Mr. Rosenberg's condition and requested a "couple-week delay" to see what Mr. Rosenberg's medical diagnosis would yield. (Mar. 31 Conf. Tr. at 6.) In response, the Court asked Mr. Bachrach about his past experience trying criminal cases in federal court and whether he could effectively defend Tagliaferro by himself at trial.[2] (*Id.* at 5.) Additionally, the Court also expressed concerns about an indefinite or prolonged adjournment of trial, given the uncertainty of Mr. Rosenberg's medical condition and the administrative difficulties with regard to scheduling jury trials during the COVID pandemic. (*Id.* at 9–11.)

The Court briefly paused the March 31 conference in order to consult the District's assignment committee about setting an alternative trial date. (*Id.* at 11–12.) The assignment committee advised the Court that April 20—roughly two weeks from the original April 5 trial date—would be a viable alternative for Tagliaferro's trial. (*Id.* at 13.)

Following that consultation, the Court reconvened the parties later that afternoon and stated that it would adjourn the trial date to April 20. (*Id.*) The Court explained this decision as follows:

> I assume that Mr. Rosenberg will be better and he can try the case on the 20th of April. If he's not better, Mr. Bachrach, you have enough time now to prepare yourself for the trial. You've been working on this matter for some time. I recognize that you've not been working completely on certain of the facts, but in the two and a half weeks between now and the 20th of April, you can more than prepare[] for trial on the 20th. I'm directing you to make those preparations because I will not entertain an application that you're not prepared for trial on the 20th of April.

(*Id.*)

---

[2] Mr. Bachrach answered that he had tried half a dozen federal trials and that he was on the District's CJA panel. (Mar. 31 Conf. Tr. at 5.)

3

Neither Mr. Bachrach nor Tagliaferro lodged any objection to the Court's ruling. Instead, Mr. Bachrach responded, "Thank you, [Y]our Honor. I appreciate the latitude, I truly do. And I hope that Mr. Rosenberg will be well enough by that point." (Mar. 31 Conf. Tr. at 14.)

A week after the March 31 conference, Tagliaferro informed the Court that Mr. Rosenberg would be unlikely to proceed to trial on April 20. (Tagliaferro *Ex Parte* Ltr. dated April 6, 2021.) As Mr. Rosenberg's replacement, Tagliaferro requested the Court appoint Susan Kellman[3]—a member of the CJA panel—to represent him at trial pursuant to the Criminal Justice Act, 18 U.S.C. § 3006A. (*Id.*) Importantly, Tagliaferro's letter request stated, "Ms. Kellman is a member of this District's CJA Panel and has informed me that she is available and willing to assist me if appointed by this Court. With Ms. Kellman's assistance, together we can be prepared to proceed to trial on April 20, 2021." (*Id.*) The Court granted Tagliaferro's request and appointed Ms. Kellman to represent Tagliaferro at trial.[4]

### III. Trial and Post-Trial Proceedings

The parties proceeded to trial on April 20. (Min. Entry dated April 20, 2021.) Tagliaferro was represented at trial by Mr. Bachrach and Ms. Kellman. (*Id.*) On April 23, the Government rested its case-in-chief, at which point Tagliaferro moved for an acquittal under

---

[3] At the time, the Court took judicial notice of Ms. Kellman's substantial experience in criminal defense work, which included work on more than 100 federal felony matters in the course of her 40 year career.

[4] On the same day that Ms. Kellman was appointed, Mr. Rosenberg wrote the Court to support Ms. Kellman's appointment, and alternatively, to seek an adjournment to June 2021 in the hopes of recovering from his injuries by then and representing Tagliaferro at trial. By this point, however, the Court had already adjourned the trial to April 20; the parties were preparing to proceed to trial on that date; and the application for Ms. Kellman to be appointed as CJA counsel had been granted. Accordingly, the Court denied Mr. Rosenberg's request for a further adjournment.

Rule 29 of the Federal Rules of Criminal Procedure. (Min. Entry dated April 23, 2021.) The Court reserved judgment on that motion. (Trial Tr. April 23, 2021, at 512.) Tagliaferro did not put on a defense case. On April 28, the jury returned a guilty verdict with respect to all three counts charged in the Indictment. (Min. Entry dated April 28, 2021.)

Tagliaferro now renews his Rule 29 motion and alternatively, moves for a new trial pursuant to Rule 33.[5] (ECF 172.)

## DISCUSSION

### I. Rule 29 Motion

*Legal Standard.* To grant a motion for acquittal under Rule 29, a court must find that the evidence was legally insufficient to establish the defendant's guilt beyond a reasonable doubt. *See* Fed. R. Crim. P. 29; *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). When considering a Rule 29 motion, "[t]he Court must view the evidence in a light that is most favorable to the government, and with all reasonable inferences resolved in favor of the government." *United States v. Anderson*, 747 F.3d 51, 60 (2d Cir. 2014) (cleaned up). "The question is not whether this Court believes that the evidence at trial established guilt beyond a reasonable doubt, but rather, whether *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Mi Sun Cho*, 713 F.3d 716, 720 (2d Cir. 2013) (per curiam) (cleaned up). In a close case, where "either of the two results, a reasonable doubt or no reasonable doubt, is fairly possible, the court must let the jury decide the matter." *United States v. Autuori*, 212 F.3d 105, 114 (2d Cir. 2000) (cleaned up).

*Analysis.* Viewing the evidence in the light most favorable to the Government, the Court concludes that there was sufficient evidence for a reasonable jury to convict Tagliaferro on each

---
[5] Tagliaferro is scheduled to be sentenced by this Court on July 27, 2021.

of the three counts charged in the Indictment. *See Anderson*, 747 F.3d at 60. At trial, the Government introduced the following evidence during its case-in-chief: (1) testimony from nine witnesses, including two co-conspirators; (2) Tagliaferro's bank records showing thousands of dollars in deposits during the underlying crimes; (3) license plate reader records corroborating Tagliaferro's trips to his co-conspirators in order to receive his cut of the cash bribes; and (4) text message conversations relating to the underlying bribery scheme. (Gov't Br. at 2, ECF 175.) Applying the Rule 29 standard, the Court finds that this evidence was sufficient to establish, beyond a reasonable doubt, each of the elements of the crimes charged in the Indictment. *Mi Sun Cho*, 713 F.3d at 720. Accordingly, Tagliaferro's Rule 29 motion is denied.[6]

## II.     Rule 33 Standard

*Legal Standard.* Rule 33 of the Federal Rules of Criminal Procedure permits a court, upon motion by the defendant, to "vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). The bar for granting a Rule 33 motion is a high one, and a court will order a new trial "only in extraordinary circumstances.'" *United States v.*

---

[6]     In support of his Rule 29 motion, Tagliaferro argues that the Government introduced testimony that was "so self-serving, inconsistent, and saddled with duplicity" that it could not have sustained his conviction. (Tagliaferro Br. at 5, ECF 173.) On a Rule 29 motion, however, the Court cannot substitute its own credibility determinations with those of the jury, which, in this case, found Tagliaferro guilty of the offenses charged. *See Mi Sun Cho*, 713 F.3d at 720. This argument must therefore be rejected.

Additionally, the Court is unpersuaded by Tagliaferro's assertion that the Government's evidence at trial was insufficient to prove the *mens rea* element for each of the three crimes charged in the Indictment. (Tagliaferro Br. at 3–9.) Under Rule 29, the Court must construe "the evidence in a light that is most favorable to the government, and with all reasonable inferences resolved in favor of the government." *Anderson*, 747 F.3d at 60. And applying that standard, the Court concludes that the Government's evidence at trial provided a sufficient basis for the jury to infer requisite intent on the part of Tagliaferro with respect to the underlying crimes. *Id.*

*McCourty*, 562 F.3d 458, 475 (2d Cir. 2009) (quoting *United States v. Torres*, 128 F.3d 38, 48 (2d Cir. 1997)). While the decision to grant a Rule 33 motion rests in the district court's discretion, "[t]he defendant bears the burden of proving that he is entitled to a new trial under Rule 33, and before ordering a new trial pursuant to Rule 33, a district court must find that there is 'a real concern that an innocent person may have been convicted." *Id.* (quoting *United States v. Ferguson*, 246 F.3d 129, 134 (2d Cir. 2001)). The 'ultimate test' is 'whether letting a guilty verdict stand would be a manifest injustice.'" *United States v. Snype*, 441 F.3d 119, 140 (2d Cir. 2006) (quoting *United States v. Canova*, 412 F.3d 331, 349 (2d Cir. 2005)).

A Rule 33 motion is not an opportunity for the district court to alter its general posture of deference "to the jury's resolution of conflicting evidence and assessment of witness credibility." *McCourty*, 562 F.3d at 475. The "exceptional circumstances" requiring the district court to interfere with the jury's weighing of the evidence arise, for "example . . . where testimony is 'patently incredible or defies physical realities.'" *Id.* at 476 (quoting *United States v. Sanchez*, 969 F.2d 1409, 1414 (2d Cir. 1992)). "[T]he trial judge's rejection of all or part of the testimony of a witness or witnesses does not automatically entitle a defendant to a new trial." *Sanchez*, 969 F.2d at 1414.

*Analysis.* In support of his Rule 33 motion, Tagliaferro advances two arguments: (1) that the weight of the Government's evidence does not support his conviction, and (2) that, under the Sixth Amendment, he was deprived of his right to counsel of choice. (Tagliaferro Br. at 9–18.) The Court will address each argument in turn.

*First*, although Rule 33 harbors a less deferential standard of review than that of Rule 29, the Court finds that the Government's evidence at trial provided sufficient grounds to support the jury's guilty verdict. *See* Fed. R. Crim. P. 33(a). Accordingly, there are no "extraordinary

7

circumstances," *McCourty*, 562 F.3d at 475, or the possibility of "manifest injustice," *Snype*, 441 F.3d at 140, warranting a new trial under Rule 33 in this case.

*Second*, Tagliaferro contends that he was deprived of his Sixth Amendment right to counsel of choice because he was not represented at trial by Mr. Rosenberg. (Tagliaferro Br. at 16–18.) It is well established under the Sixth Amendment that a criminal defendant is entitled to "counsel of one's choosing." *United States v. Griffiths*, 750 F.3d 237, 241 (2d Cir. 2014); *see United States v. Gonzalez-Lopez*, 548 U.S. 140, 147–48 (2006). But that right is not unqualified. *See Griffiths*, 750 F.3d at 241–42. In *Griffiths*, the Second Circuit observed that, "[A] district court has a great deal of latitude in scheduling trials and need not grant a continuance so that a defendant may be represented by counsel of his choosing, where such a continuance would cause significant delay." *Id.* at 241–42 (cleaned up). Hence, the touchstone of this discretionary analysis, *Griffiths* explained, is whether the district court made "adequate" accommodations in balancing "the needs of fairness" and the "demands of [the court's] calendar." *Id.* The Court finds that it appropriately struck that balance here.

As an initial matter, the Court agrees with the Government that Tagliaferro's right to counsel of choice was *never* abridged in the instant case. (Gov't Br. at 13–16.) At trial, Tagliaferro was represented by Mr. Bachrach, who had represented Tagliaferro in this case since its inception in June 2019. *See supra* 2–4. Moreover, while it is true that Mr. Rosenberg was unable to represent Tagliaferro at trial, the Court promptly honored Tagliaferro's request to appoint CJA counsel, Ms. Kellman, as a replacement for Mr. Rosenberg. *See id.* And in that written request, Tagliaferro assured the Court: "With Ms. Kellman's assistance, together we can be prepared to proceed to trial on April 20, 2021." *See supra* 4.

The upshot of all this is that Tagliaferro was effectively represented at trial by not one, but *two*, capable attorneys of his own choosing. Both were experienced criminal defense attorneys. Both provided zealous representation of Tagliaferro at trial. And at no point during the trial did Tagliaferro or his counsel object to the absence of Mr. Rosenberg from the proceedings. *Cf. Griffiths*, 750 F.3d at 239–40 (upholding district court's substitution of counsel during trial despite the vigorous objection of the defendant himself). Accordingly, the Court concludes that Tagliaferro was effectively represented by counsel of his own choosing under the Sixth Amendment.

But even if Mr. Rosenberg's absence did somehow deprive Tagliaferro of his right to counsel of choice, the Court holds that there was still no violation of the Sixth Amendment given the compelling justifications for proceeding to trial on April 20. *See Griffiths*, 750 F.3d at 241–42.

*First*, as the Court explained on the record during the March 31 conference, the District's assignment committee had the final say in scheduling Tagliaferro's trial. (Mar. 31 Conf. Tr. at 9–11.) Thus, because authorization from the assignment committee was necessary to reschedule Tagliaferro's trial, the Court recognized that it could not adjourn the April 5 trial date *sine die*, as that would have caused significant uncertainty and perhaps further delay down the line given the inflexible nature of scheduling trials during the pandemic. (*Id.* at 11–12.) Dealing with the realities at hand, the Court accommodated the parties' competing interests in a reasoned and thoughtful way: It secured the April 20 trial date from the assignment committee and adjourned the trial until then, providing defense counsel sufficient time to prepare for trial while avoiding the risk of "significant delay." *See Griffiths*, 750 F.3d at 241–42. To explain the Court's reasoning demonstrates its reasonableness.

*Second*, the Court also found the April 20 trial date to be appropriate in light of Tagliaferro's expressed interest in promptly proceeding to trial. At the Final Pretrial Conference held on March 29, Tagliaferro directly expressed to the Court:

> I think it's unfair that as a defendant that I was billed $120,000 because of COVID. I wanted this case to happen a year ago, and, quite frankly, I never agreed to any delay, and I was told that I don't have the right to agree or disagree . . . . I put my family in debt to pay, and I will continue to do so if need be. I am an innocent person, and I want to be proven innocent at trial.

(Mar. 29 Conf. Tr. at 12, ECF 147.)

Having considered this statement, the Court, during the March 31 conference, explained to Mr. Bachrach that a prolonged or indefinite adjournment would be against Tagliaferro's interests because it could perpetuate further delay:

> If Mr. Rosenberg is discharged from the hospital and he's subject to a regimen where he can't work very hard, I don't want to have you terminated and bring in new counsel, because that will just mean more delays and you are familiar with the case and you are a skilled attorney. So I think what I'm going to do is call the assignment committee and see what latitude I have and then I'll get back to you.

(Mar. 31 Conf. Tr. at 11.)

In short, the Court's decision to adjourn trial to April 20 was premised in part on (1) Tagliaferro's strained finances, (2) his interest in promptly proceeding to trial, and (3) the risk of significant delay. Given these compelling considerations, the Court did not abuse its discretion in adjourning the trial date to April 20.

*Finally*, Tagliaferro's conclusory assertion that the April 20 trial date was an exercise of "arbitrary insistence upon expeditiousness" and that an adjournment to June 2021 was warranted is wholly unsupported by the record. (Tagliaferro Br. at 18.) Throughout the lead up to trial, Tagliaferro *never* sought an adjournment to June 2021. Instead, at the March 31 conference, Tagliaferro requested a "couple-week delay" to learn more about Mr. Rosenberg's official

diagnosis. (Mar. 31 Conf. Tr. at 6.) And he got exactly what he asked for when the Court adjourned the trial from April 5 to April 20. Tagliaferro cannot in hindsight claim a Sixth Amendment violation when there plainly was none to begin with.

## **CONCLUSION**

For the foregoing reasons, Tagliaferro's Rule 29 and 33 motions are **DENIED**. The Clerk of Court is respectfully directed to close the docket at ECF 172.

Dated: New York, New York
       July 1, 2021

SO ORDERED

_____
HONORABLE PAUL A. CROTTY
United States District Judge