# SPIVAK LIPTON LLP
ATTORNEYS AT LAW

1700 Broadway
New York, NY 10019
**T** 212.765.2100
**F** 212.765.8954
spivaklipton.com

August 16, 2021

**BY THE OFFICE OF THE US ATTORNEY FOR THE SOUTHERN DISTRICT OF NEW YORK UNDER THE COURT'S INDIVIDUAL PRACTICES RULE # 6F**
Hon. Paul A. Crotty
United States District Court
Southern District of New York
500 Pearl Street, Chambers 1350
New York, NY 10007

Re:   <u>United States v. Salvatore "Sal" Tagliaferro,</u> 19-CR-00472 (PAC)

Dear Judge Crotty:

This firm represents the District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America (the "District Council"). The District Council and its affiliated Local Union No. 926 ("Local 926") are victims of Defendant Salvatore Tagliaferro's criminal conduct, especially with respect to his conviction for theft of honest services wire fraud. This letter is to present the District Council's and Local 926's requests for an award of restitution against the Defendant under 18 USC § 3663A(b)(4).

In summary, the requests include the following:

<u>The District Council</u>:

| | |
|---|---:|
| 1. Attorneys' fees for work on motion to quash Rule 17 subpoenas: | $ 4,380.00 |
| 2. Twenty percent (20%) of salary and stipends paid to Defendant (January 2018-June 2019): | $ 64,707.11 |
| 3. Invoiced fees and expenses of the Court-appointed Independent Monitor for trial preparation and trial testimony time: | $ 22,001.40 |

<u>Local 926</u>:

| | |
|---|---:|
| 1. Attorneys' fees and expenses for work by union counsel related to the Grand Jury and the Government's prosecution of Defendant: | $ 45,590.73 |
| 2. Attorney's fees for representation of the union's two administrative employees with respect to the Grand Jury and post-indictment meetings with the Government: | $ 6,833.06 |
| 3. Reimbursed expenses for union administrative employee for travel related Grand Jury testimony, trial preparation, and trial testimony: | $ 203.00 |
| 4. Twenty percent (20%) of stipends paid to Defendant as President of and Delegate with the union and for other meetings: | $ 1,350.00 |

GRAND TOTAL: $145,065.33

**SPIVAK LIPTON**LLP

ATTORNEYS AT LAW

Hon. Paul A. Crotty<br>August 16, 2021<br>Page 2

The background details and documentation for the requests for restitution are described below and in the annexed exhibits.

The District Council

1. Attorneys' Fees Incurred in Litigating the Motion to Quash
   Defendant's Rule 17 Subpoena and Amended Subpoena

   The District Council incurred non-retainer attorneys' fees totaling $4,380 invoiced by and paid to this firm for work done on the two letter-motions to quash Defendant's Rule 17 subpoena and amended subpoena seeking documents of the District Council's Inspector General.  The letter-motions can be found at Document Nos. 82 and 93 (respectively filed 10/1/2020 and 10/30/2020).  The Court's Opinion & Order quashing the subpoenas can be found at Document No. 120 (filed 3/16/2021).

   Copies of the firm's detailed time records showing 14.6 hours of work at a blended hourly rate of $300 are annexed collectively as Exhibit A.  Substantial work related to the letter motions was also done by the undersigned under the firm's retainer with the District Council but no application is being made for that time.

2. Salary and Stipends Paid to Defendant Under His Employment in Union Positions
   During the Relevant Period of January 2018 through June 2019

   Defendant was employed by the District Council during the time of his scheme encompassing January 2018 through June 2019.  He also received stipends from the District Council as a member of the District Council's Delegate Body and a member of the District Council's Audit Committee.  The total compensation, including employer-related payroll taxes and benefit funds' contributions, was $323,535.54.  Annexed to this letter as Exhibit B is a schedule showing the District Council's salary, payroll taxes, and benefit funds' expenses paid on behalf of the Defendant.

   The District Council is seeking as restitution an amount equal to twenty percent (20%) of the total of its compensation related expenses:  $64,707.11.  That amount is consistent with percentage amounts awarded in United States v. Ebrahim, 2013 U.S. Dist. LEXIS 72072, at *6-7 (SDNY May 21, 2013);  United States v. Skowron, 839 F.Supp. 2d 740, 749-52 (SDNY 2012).

3. Fees and Expenses Invoiced to the District Council by the Court-Appointed
   Independent Monitor for His Preparation to Testify at Trial and His Trial Testimony

   Attorney Glen G. McGorty is the Court-appointed Independent Monitor of the District Council in United States v. District Council, et al., 90-Civ-5722 (VM) (the "Civil RICO case"), under a 1994 Consent Decree between the Government and the District Council.  Independent Monitor McGorty has invoiced the District Council for payment of his fees related to his time spent preparing to testify at the trial of this prosecution and his time spent related to his testifying under the terms of the Stipulation and Order Regarding Extension of Independent Monitor's Term

SPIVAK LIPTON LLP
ATTORNEYS AT LAW

Hon. Paul A. Crotty
August 16, 2021
Page 3

entered January 21, 2021 in the Civil Rico case.  The total of his fees is $22,001.40.  A copy of his August 14, 2021 letter to the undersigned detailing his time and fees is annexed as Exhibit C.

The District Council is entitled to restitution for these fees and expenses because Independent Monitor McGorty's time was incurred at the request of the Government in its prosecution of the Defendant.

Local 926

1. Attorneys' Fees and Expenses of Local 926's Counsel for Work Related to the Grand Jury Investigation and Further Requested by the Government

Local 926's regular counsel—the firm of Doar Rieck Kaley & Mack—invoiced and received payments from Local 926 related to the firm's work on behalf of Local 926 with respect to the grand jury investigation and post-indictment requests by the Government.  The total is $45,590.73.  Annexed collectively in Exhibit D are copies of the firm's invoicing statements with accompanying detailed time entries.

2. Attorneys' Fees and Expenses of Attorney Anthony Cecutti in His Separate Representation of Local 926 Administrative Employees Barbara Boylan and Tina DiGregorio Related to the Grand Jury Investigation and Post-Indictment Requests by the Government Invoiced to and Paid by Local 926

Local 926 incurred and paid the separate attorney's fees and expenses of attorney Anthony Cecutti, who was retained by Local 926 to represent administrative employees Barbara Boylan and Tina DiGregorio related to the grand jury investigation and the Government's post-indictment prosecution of Defendant.  The total is $6,833.06.  Annexed collectively as Exhibit E are copies of the payment, representation letter, detailed time records, and documentation of expenses of Mr. Cecutti.

3. Expenses of Local 926 for Transportation of Administrative Employee Barbara Boylan's Travel to Grand Jury, Office of the US Attorney, and to Testify at Trial

Local 926 incurred and paid expenses related to its administrative employee Barbara Boylan's travel to the grand jury (7/24/2019 at $40.00), to meet with the Government as part of its prosecution of Defendant (4/14/2021 at $78.00), and to testify at trial (4/21/2021 at $85.00).  The total of those expenses is $203.00.  Annexed collectively as Exhibit F are copies of payment and receipts documenting these expenses.

**SPIVAK LIPTON**LLP

ATTORNEYS AT LAW

Hon. Paul A. Crotty
August 16, 2021
Page 4

4. Stipends Paid by Local 926 During the Relevant Period January 2018 through June 2019 to Defendant in His Status as President of Local 926 for Attending Local 926 Executive Committee Meetings, as a Local 926 Delegate Attending Meetings, and for Attending Local 926 Sanctioned Conference

During the relevant time period of Defendant's scheme (January 2018 through June 2019), Local 926 paid Defendant stipends because of his status as President of Local 926 for attending Local 926 executive board meetings and as a Delegate to the District Council's Delegate Body. Local 926 also paid Defendant during the relevant time period for attending various conferences sanctioned by Local 926. The Local 926 payroll records showing these payments are collectively annexed in Exhibit G. These payments were in addition to or in lieu of separate stipends paid by the District Council. The payments totaled $6,750.00. As with the District Council's claim for restitution of Defendant's salary and stipends, Local 926 is seeking restitution at twenty percent (20%): $1,350.

Respectfully submitted,

SPIVAK LIPTON LLP
Attorneys for the District Council
of New York City and Vicinity
of the United Brotherhood of Carpenters
and Joiners of America

BY:    /s/ James M. Murphy
          James M. Murphy

Annexed Exhibits A-G

cc:   **BY THE OFFICE OF THE UNITED STATES ATTORNEY
FOR THE SOUTHERN DISTRICT OF NEW YORK
UNDER THE COURT'S INDIVIDUAL PRACTICES RULE # 6F**
Michael K. Bachrach, Esq.
Attorney for Salvatore Tagliaferro
224 West 30th Street, Suite 302
New York, NY 10001
212-929-0592

Richard H. Rosenberg, Attorney at Law
Attorney for Salvatore Tagliaferro
217 Broadway Suite 707
New York, NY 10007
212-586-3838

**SPIVAK LIPTON**LLP

ATTORNEYS AT LAW

Hon. Paul A. Crotty
August 16, 2021
Page 5

**BY EMAIL**
Thomas McKay, Esq.
Assistant United States Attorney
Criminal Division
U.S. Attorney's Office
1 St. Andrew's Plaza
New York, NY 10007
212-637-2268

Jarrod Lee Schaeffer, Esq.
Assistant United States Attorney
Criminal Division
United States Attorney's Office,
1 St. Andrew's Plaza
New York, NY 10007
212-637-2200