```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            -v.-<br><br>SALVATORE TAGLIAFERRO,<br><br>                      Defendant. | 19 Cr. 472 (LAP)<br><br>MEMORANDUM & ORDER |

LORETTA A. PRESKA, Senior United States District Judge:[1]

Before the Court is Defendant Salvatore Tagliaferro's pro se motion disputing the ordered forfeiture amount and seeking relief from restitution pursuant to 28 U.S.C. § 1651(a) ("the Motion"), (Def. Mot., dated Mar. 2, 2025 [dkt. no. 257]; Reply, dated Apr. 14, 2025 [dkt. no. 258]).[2] The Government opposes the Motion, (Gov't Opp'n, dated Apr. 1, 2025).[3] For the reasons set forth below, Defendant's Motion is DENIED.

I. **Procedural History**

   **a. Trial and Appeal**

On June 25, 2019, Defendant was charged in a multi-count indictment. (Dkt. no. 2.) Count One charged Defendant with conspiracy to embezzle union assets and honest services wire fraud,

---

[1] Unless stated otherwise, citations refer to United States of America v. Tagliaferro, et al., No. 19 Cr. 00472.
[2] The Defendant's Motion [dkt. no. 257] and Reply [dkt. no. 258] are filed under seal.
[3] The Government's opposition was emailed to the Court in light of the Court's March 20, 2025 Order, which was filed under seal as dkt. no. 257. (Gov't Opp'n at 1.)

in violation of 18 U.S.C. § 371.  (Dkt. no. 2 at 13.)  Count Two charged Defendant with conversion of Union assets, in violation of 29 U.S.C. § 501(c) and 18 U.S.C. § 2.  (Id. at 15.)  Count Three charged Defendant with honest services wire fraud, in violation of 18 U.S.C. §§ 1343, 1346, and 2.  (Id. at 16.)

Defendant proceeded to trial, and a jury returned guilty verdicts on all three counts.[4]  On September 9, 2021, the Court sentenced Defendant to two periods of sixty months of imprisonment to run concurrently and ordered forfeiture in the amount of $296,400, and restitution in the amount of $145,065.33, of which Defendant was jointly and severally liable with his co-defendant.[5] Defendant appealed his conviction and sentence, and on June 2, 2023, the Court of Appeals affirmed both.  See United States v. Tagliaferro, No. 21-2223, 2023 WL 3772334, at *5 (2d Cir. June 2, 2023).

In a letter dated April 24, 2024, Defendant wrote to the Court for a sentence reduction pursuant to the First Step Act and the Second Chance Act.  (See dkt. no. 242 at 1.)  After finding that Defendant exhausted his available administrative remedies required by 18 U.S.C. § 3582(c)(1)(A), the Court granted Defendant's motion

---

[4] (See Trial Transcript ("Trial Tr."), dated Apr. 28, 2021 [dkt. no. 169] at 709.)
[5] (See Sentencing Transcript ("Sent. Tr."), dated Sept. 9, 2021 [dkt. no. 195] at 30.)

and reduced his sentence to time served. (See dkt. no. 255 at 12.)

### b. Defendant's Motion for Relief from his Forfeiture and Restitution Obligations

On March 2, 2025, Defendant filed a pro se motion requesting relief from his forfeiture and restitution payments. (See Def. Mot.) In doing so, he disputes the forfeiture and restitution amounts ordered by the Court while highlighting his current financial situation.

On April 1, 2025, the Government filed its opposition to Defendant's Motion. (See generally Gov't Opp'n.) Appended to the Government's opposition is a financial disclosure statement form that Defendant can complete if he desires a modification of his restitution payment schedule pursuant to 18 U.S.C. § 3664(k). (See generally id., Ex, A.)

On April 14, 2025, Defendant replied, enclosing various financial documentation and records. (Reply at 3.)

## II. Applicable Law

Motions made pro se must be construed liberally and to raise the strongest arguments that they suggest. See Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006).

**a. Motion to Modify the Restitution Amount**

**i. 18 U.S.C.A. § 3582(c)**

18 U.S.C.A. § 3582(c) provides three narrow exceptions to the finality of a sentence. The statute provides that: "[t]he court may not modify a term of imprisonment once it has been imposed except" (1) upon motion of the Director of the Bureau of Prisons for a reduced sentence, (2) if "otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure[,]" or (3) if the "term of imprisonment was based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)." 18 U.S.C. § 3582(c). However, the Court of Appeals has clarified that 18 U.S.C. § 3582(c) only allows for modifying a term of imprisonment – not restitution. See United States v. Lochard, 555 F. App'x 94, 96 (2d Cir. 2014) ("A modification of the terms of payment of restitution is not a modification in sentence.").

**ii. Mandatory Victims Restitution Act (MVRA)**

Under the MVRA, "[a] sentence that imposes an order of restitution is a final judgment" notwithstanding the modification of the payment schedule. 18 U.S.C.A. §§ 3664(k), (o). Further, the statute mandates that "the court . . . order restitution to each victim in the full amount of each victim's losses as determined by the court and without consideration of the economic circumstances of the defendant." 18 U.S.C.A. § 3664(f)(1)(A).

4

There is no legal authority that permits a defendant to be relieved of paying the full restitution amount ordered by the MVRA. See United States v. Teeple, No. 13 Cr. 339-2 (VEC), 2016 WL 1328939, at *2 (S.D.N.Y. Apr. 5, 2016) ("[P]ursuant to the MVRA, this Court does not have the authority to reduce the restitution amount."); see also United States v. Rodriguez, No. 01 Cr. 497 (RMB), 2022 WL 16849075, at *2 (S.D.N.Y. Nov. 10, 2022) ("[T]he Court lacks authority under the MVRA to terminate or reduce the restitution amount owed by [the defendant].").

### iii. Coram Nobis[6]

#### 1. 28 U.S.C.A. § 1651(a), All Writs Act

Under 28 U.S.C.A. § 1651(a) (the "All Writs Act"), a defendant may petition for coram nobis review of a criminal sentence where a motion under 28 U.S.C. § 2255 is no longer appropriate after completion of the defendant's term of imprisonment.[7] See Shen v. United States, No. 12 Cr. 00068 (DLI), 2022 WL 229371, at *2 (E.D.N.Y. Jan. 26, 2022), aff'd, No. 22-378, 2023 WL 3830481 (2d

---

[6] While this section is under "Motion to Modify the Restitution Amount," (emphasis added), coram nobis may also be used in the context of a forfeiture order. See Rajaratnam v. United States, 736 F. App'x 279, 283 (2d Cir. 2018) (considering petitioner's writ of error for coram nobis relief from his forfeiture order); see also Mutino v. United States, No. 04 Cr. 0876(JS), 2019 WL 4015156 (E.D.N.Y. Aug. 23, 2019).

[7] Although Defendant's letter was not initially filed as a coram nobis petition, the Court will construe the Motion as such. Triestman, 470 F.3d at 474 (establishing "that the submissions of a pro se litigant must be construed liberally and interpreted 'to raise the strongest arguments that they suggest.'").

5

Cir. June 6, 2023) (citing United States v. Morgan, 346 U.S. 502, 511 (1954)).  This writ is to be imparted sparingly as an "extraordinary remedy only under circumstances compelling such action to achieve justice."  See Morgan, 346 U.S. at 511; see also Nicks v. United States, 955 F.2d 161, 167 (2d Cir. 1992) ("[T]he writ will issue only where extraordinary circumstances are present.").  Further, relief under the writ is strictly limited to those cases in which errors of the most fundamental character have "render[ed] the proceeding itself irregular and invalid."  (See id. at 166.)  Because the reviewing court must presume that the proceedings were correct, the burden of showing otherwise remains with the petitioner.  See United States v. Mandanici, 205 F.3d 519, 524 (2d Cir. 2000).

### b. Motion to Modify the Restitution Schedule

18 U.S.C.A. § 3664(k) provides that a court may "on its own motion, or the motion of any party, including the victim, adjust the payment schedule, or require immediate payment in full, as the interests of justice require."  18 U.S.C.A. § 3664(k).  The Court may make such modification upon a showing of "any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution."  (Id.)  Such change in circumstances must be "of the sort contemplated by the statute" and must be "identified by an objective comparison of a defendant's financial condition before and after a sentence is imposed."

United States v. Grant, 235 F.3d 95, 100 (2d Cir. 2000).  Further, the circumstance must not have been one that existed prior to sentencing.  See United States v. Gorrick, No. 08 Cr. 1000-3 (ER), 2023 WL 3741979, at *1 (S.D.N.Y. May 30, 2023) (declining to reduce the restitution amount because the defendant's "medical disability" existed prior to sentencing).

### III. Discussion

For the reasons set forth below, Defendant's requests to (1) modify his forfeiture order, (2) modify his restitution amount, or (3) modify his restitution payment schedule are DENIED.

#### a. Modification of the Forfeiture and Restitution Amounts

At sentencing, the Court imposed forfeiture in the amount of $296,400.00 and restitution in the amount of $145,065.33, of which Defendant was jointly and severally liable with his co-defendant. (Sent. Tr. at 30).  The Court of Appeals subsequently affirmed Defendant's conviction and sentence, finding no error in the imposed forfeiture order.  Tagliaferro, 2023 WL 3772334, at *5.

##### i. Defendant is Procedurally Barred from Disputing the Forfeiture and Restitution Orders

Defendant is procedurally barred from challenging the forfeiture order once it has already been considered on appeal. See Abakporo v. United States, No. 18 Civ. 00842, 2023 WL 8126349, at *9-10 (S.D.N.Y. Jan. 24, 2023).  On direct appeal, Defendant challenged his conviction and sentence contending, among other

7

things, that the Court "improperly imposed forfeiture in excess of ill-gotten gains." United States v. Tagliaferro, 2022 WL 898333, at *26. Defendant argued that the Court's figure was erroneous because it (1) represented an amount in excess of the bribery scheme's proceeds and (2) "contravened the principle that forfeiture must be limited to a defendant's ill-gotten gains." (Id. at *27.) On direct appeal, Defendant's arguments were denied, and this Court's forfeiture figure was affirmed. See Tagliaferro, 2023 WL 3772334, at *5. Now, Defendant brings those same challenges but is barred from doing so.[8] See Shen, 2022 WL 229371, at *3 (2022) (holding that defendant's claims as to the forfeiture and restitution orders were procedurally barred because the Court of Appeals dismissed Defendant's sentence appeal).

With respect to Defendant's restitution order, Defendant is also barred from challenging the restitution figure because he failed to do so on direct appeal. See Nkansah v. United States, No. 08 Cr. 1234 (JSR), 2015 WL 8731914, at *5 (S.D.N.Y. Dec. 14, 2015), report and recommendation adopted, No. 15 Civ. 5100 (JSR), 2016 WL 3223626 (S.D.N.Y. June 8, 2016) (defendant is procedurally barred from challenging restitution order for the first time after failing to raise the claim on direct appeal of his resentencing).

---

[8] Even if the Court found that Defendant was not procedurally barred, the Court finds Defendant's circumstances insufficient for coram nobis relief for the reasons set forth below, see supra III.a.iii.

8

While Defendant insists that the victims lack "clean hands", he does not provide any justification for failing to raise this argument on direct appeal. (Def. Mot. at 2; Reply at 1.) For this reason, Defendant is procedurally barred from contesting the restitution order.

### ii. The MVRA Establishes Finality of Defendant's Restitution Obligation

Under MVRA the Court "shall order restitution to each victim in the full amount of each victim's losses as determined by the court and without consideration of the economic circumstances of the defendant." 18 U.S.C. § 3664(f)(1)(A). Additionally, "[a] sentence that imposes an order of restitution is a final judgment" with a few narrow exceptions. 18 U.S.C. § 3664(o).

The Court is without authority to remit restitution orders entered under the MVRA. See United States v. Roper, 462 F.3d 336, 339 (4th Cir. 2006); see also United States v. Alalade, 204 F.3d 536, 540-41 (4th Cir. 2000) (district court lacked discretion under MVRA to order restitution in less than the full amount of each victim's losses). While the Court sympathizes with Defendant's financial hardship, there is no authority to reduce restitution that victims are statutorily entitled to.

### iii. Coram Nobis

It is well-established that the Court forfeits its jurisdiction to review criminal convictions under 28 U.S.C. § 2255

9

once the defendant has completed his or her sentence. See United States v. Lavelle, 194 F.2d 202, 203 (2d Cir. 1952); see also United States v. Rutigliano, 887 F.3d 98, 108 (2d Cir. 2018) (coram nobis as a means to challenge restitution is "not cognizable under § 2255.") It is the Court's understanding that Defendant completed his sixty-month sentence in December 2024.[9] (Dkt. no. 188 at 2.) However, the Court may consider a coram nobis petition, which provides a safety valve for relief when the petitioning defendant is no longer in custody. See Morgan, 346 U.S. at 513 (1954). Courts have continuously designated coram nobis an "extraordinary remedy" reserved exclusively for situations to remedy injustice. See id. at 511; see also Shen, 2022 WL 229371, at *2 (2022); Nicks, 955 F.2d at 167. Coram nobis may be used only to challenge restitution when the error is "fundamental" in nature. Kaminski v. United States, 339 F.3d 84, 91 (2d Cir. 2003).

Because coram nobis is reserved only for the most exceptional of circumstances, it may not be used as a substitute for appeal. See Fleming v. United States, 146 F.3d 88, 90 (2d Cir. 1998); see also Sun v. United States, 151 F. App'x 860, 863 (11th Cir. 2005) (defendant's claim is procedurally barred because he raised the same issues as his previous §2255 motions and in his direct appeal). While Defendant challenged the forfeiture order on direct

---

[9] See https://www.bop.gov/inmateloc/.

appeal, he did not dispute the restitution amount. Tagliaferro, 2022 WL 898333 at 27. Accordingly, Defendant is unable now to raise the unclean hands issue because coram nobis requires sound reasons for failing to seek appropriate relief earlier, and none is presently apparent to the Court. See Morgan, 346 U.S. at 512. Defendant does not get a second bite at the apple to relitigate his restitution obligation.

Even if the Court was able to consider Defendant's claim under coram nobis, it would fail on the merits. Both parties correctly point out that Defendant must satisfy a high burden to meet the standard for a coram nobis petition. (See Gov't Opp'n at 2; see also Reply at 1.) The reviewing Court must assume "that the proceedings were correct, and the burden of showing otherwise rests on the petitioner." See Mandanici, 205 F.3d at 524. Defendant requests that because the District Council and local unions benefitted from the scheme, they lack "clean hands" and ought to contribute to Defendant's restitution obligations. (Def. Mot. at 2.) However, the District Council falls squarely within the meaning of "victim" as defined in the MVRA. Under 18 U.S.C. § 3663:

> [T]he term "victim" means a person directly and proximately harmed as a result of the commission of an offense for which restitution may be ordered including, in the case of an offense that involves as an element a scheme, conspiracy, or pattern of criminal activity, any person directly harmed by the defendant's criminal conduct in the course of the scheme, conspiracy, or pattern.

18 U.S.C. § 3663(a)(2).

As articulated in the Government's sentencing submission, the District Council was harmed as a result of this scheme through (1) income paid to Defendant under the relevant time period and (2) expenses incurred by the Union's participation in these criminal proceedings.  (See dkt. no. 183 at 19, 21.)

First, when "an employer pays for honest services but receives something less" it is entitled to the individual's salary as part of their restitution.  See United States v. Bahel, 662 F.3d 610, 649 (2d Cir. 2011); see also United States v. Crawley, 533 F.3d 349, 358 (5th Cir. 2008) (finding that it was reasonable to include Defendant's salary and pension in loss calculation).  A jury found Defendant guilty of conspiring to commit honest services wire fraud and conversion of Union assets.  (Trial Tr. at 709.)  The District Council and local union chapters must be appropriately compensated for the wages dishonestly collected by Defendant during the scheme.  Accordingly, the Court committed no error in ordering a portion of Defendant's wages to be calculated as part of restitution.

Second, Section 3663 articulates that the Court may order restitution for a victim that has "incurred [expenses] during and directly related to participation in the investigation or prosecution of the offense or attendance at proceedings related to the offense."  18 U.S.C. § 3663A(a)(4)(A) (emphasis added) (cleaned

up).  The union incurred significant costs during the Government's investigation and prosecution of Defendant when responding to subpoenas, information requests, and representing administrative employees during meetings with the Government.  (See dkt. no. 183 at 17-18.)  The statute clearly requires Defendant to compensate victims for attorney fees so long as those fees were incurred in relation to a Government investigation or criminal proceeding. See Lagos v. United States, 138 S. Ct. 1684, 1690 (2018).  Thus, the Court sees no apparent error in including these fees in the restitution calculation.

Lastly, the Court rejects Defendant's contention that the District Council and local unions lack clean hands because they "continuously benefitted from [t]he so-call bribery scheme." (Reply at 1.)  Defendant posits that both District Council and local unions collected initiation and membership fees from the individuals who bribed DeFalco to join the local unions.  (Def. Mot. at 1-2.)  Whether or not they benefitted from the scheme is irrelevant to whether they were participants or co-conspirators in Defendant's conspiracy.  See United States v. Quatrella, 722 F. App'x 64, 69 (2d Cir. 2018) (finding that investors were victims under MVRA because they were not knowing participants in the scheme).

Defendant has not demonstrated an error of fundamental nature in the restitution calculation that warrants coram nobis relief.

13

**b. Modification of the Restitution Payment Schedule**

While the Court is unable to modify the total amount of restitution, the Court retains the ability to alter the scheduling of restitution payments "as the interests of justice require." 18 U.S.C.A. § 3664(k); see also United States v. Kyles, 601 F.3d 78, 80 (2d Cir. 2010) ("Whatever limits may apply to a court's authority to alter the amount of restitution awarded in a judgment of conviction, these limits do not extend to the court's authority to modify the schedule for paying such amount."). Neither the content in Defendant's letters nor the financial documentation provided are sufficient to modify the restitution payment schedule.

**i. Defendant Fails to Show Change in Economic Circumstances**

The Court possesses inherent authority to modify the payment schedule "when the circumstances informing them change." (Id. at 84.) Defendant presents no substantive change from the time of sentencing in his financial situation that are of the type contemplated by 18 U.S.C. § 3664(k).

Leading up to sentencing, Defendant specifically requested the ten-percent installment payment rate, citing the very same financial conditions described in this Motion. (Dkt. no. 187.) In his September 9, 2021 letter requesting this schedule, Defendant informed the Court that he is "the principle financial provider for his family" and that "[h]is wife. . . earns a minimal salary

14

at her part time employment." (Id.)  At sentencing, the Court granted Defendant's request, imposing a payment schedule of ten percent of Defendant's gross monthly income to be paid in monthly installments.  (Dkt. no. 191.)

Today, Defendant notes that upon release he has only been able to work a "very low paying job for a few days a week" and that his wife also earns very little.  (Def. Mot. at 1.) Additionally, Defendant notes that he is the "principle financial provider for his family and is responsible for the overhead incurred by the family." (See dkt. no. 187 at 1.)  As a result, continuing payments would lead to "severe struggle" and impede on his ability to "both financially and emotionally support" his youngest adult son with autism.  (Def. Mot. at 1.)

Because these circumstances were considered at the time that the forfeiture order was imposed, the Court finds no new financial circumstances that would warrant modification to the payment schedule.

## IV. Conclusion

For the reasons set forth above, Defendant's Motion is DENIED. The Government shall file its opposition, (dkt no. 257), on the public docket within ten days of this Order.

**SO ORDERED.**

Dated:     July 23, 2025
           New York, New York

_____
LORETTA A. PRESKA
Senior United States District Judge

16